## J. FRANK HAYES v. THE PRESS CO., LIMITED.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 31, 1889—Decided October 7, 1889.

1. Written or printed words which are injurious to a person in his office, profession, or calling, or which impeach the credit of a merchant or trader, by imputing to him insolvency, or even embarrassment, are libelous.

2. The office of an innuendo is to aver the meaning of the language published, but if the common understanding takes hold of the words, and at once, without difficulty or doubt, applies a libelous meaning to them, an innuendo is unnecessary.

3. The publication by a newspaper, under the heading, "Hotel Proprietors Embarrassed," that a judgment had been entered against the proprietors of a hotel for an amount due on a note payable on demand, was not privileged, but libelous and actionable.

4. In such case, it was error to admit evidence that a notice of the entry of the judgment had been made in other newspapers, and to refuse to charge that the publication complained of was actionable on its face, that it was not privileged, and that malice might be inferred.

Charge of Court below.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No 59 January Term 1888, Sup. Ct.; court below, No. 885
June Term 1886, C. P. No. 3.

On August 31, 1886, J. Frank Hayes, trading as J. F. Hayes,
brought case for libel against the Press Co., Limited, declaring
upon a publication made in the *Sunday Press* of August 9,
1886, which was as follows :   .

"HOTEL PROPRIETORS EMBARRASSED.

" A judgment was entered yesterday by the Third National
Bank against J. F. & W. N. Hayes of the St. George's Hotel,
on a promissory note dated August 6th, and payable on demand
for $1,500,"

with the innuendo, "thereby then and there meaning that
the said J. F. Hayes, the said plaintiff, was in bad circum-
stances, insolvent, and unworthy of credit." The defendant
company pleaded, not guilty.

At the trial on February 3, 1888, testimony was adduced
showing the facts sufficiently appearing in the opinion of the
Supreme Court. On cross-examination, the plaintiff was asked :

Q. Was this (the libel) not published in a number of other
papers ? Objected to.

By the court: I will admit that.[1]

A. The fact of the record of the judgment was given in the
other papers, or published in other papers.

Q. But it was published in the *Ledger, North American, In-
quirer,* and *Times*,—all except the word " embarrassed." Is
that the only difference ? A. The head-line was omitted.

At the close of the testimony, the court, REED, J., charged
the jury as follows :

[The defendant in this case, the Press Company, Limited,
published a statement about this plaintiff, which it had the
privilege, in its functions as a public newspaper, to publish.
Beyond that, they had the right to make upon that or any
other fact, of a public or somewhat public character, any
reasonable and fair comment, and for the exercise of that
right they are not to be liable unless the right has been abused.
The question of fact, important for you to decide and ascertain

is, whether there was such abuse. That depends upon what conclusion can be drawn from the fact of the entering of this judgment note or the entering up of a judgment upon the note.] [2] That is a matter, not of law, but of business practice, and one therefore which falls within your domain rather than within mine. It might well be that the entering of a judgment note against a man, so far as his credit is concerned, would have an effect upon his business credit, so as to cause damage to him; and it might well be that the entering up of a judgment note would not affect a man's credit at all. It might be that the entering up of a judgment would be fatal to the credit of one man, and would not affect the credit of another man. Therefore all these are questions of fact for your decision and not questions upon which I can rule.

[The only thing that caused me to hesitate in my disposition of the case was a doubt, and in expressing it I do not intend to bind you at all, a doubt as to whether there was sufficient evidence before you to satisfy you as to the plaintiff's case.] [3] On that point you have the right and it is your privilege to differ from me, and if you think I am wrong in entertaining that doubt, it is not only your privilege but it is your duty to find in a way which perhaps I would not find if I were in your place.

[The first point is, whether the entering up of this judgment, taken alone and as a solitary fact, was so significant that a newspaper in the ordinary course of its daily work might well find that the person against whom such a judgment was entered up was in an embarrassed condition. That point is for you to consider.] [4] And in considering it, you must consider the second point, which is, what is the meaning of the word " embarrassed," or " embarrassment," in connection with a man's business or his credit? In considering that word you are to take it in its ordinary sense, as men ordinarily intelligent would use such a word. You must ask yourselves, how would I describe, or in what condition would I understand a man to be, who is described as embarrassed? I take it to be, and I am simply expressing my own opinion, not binding you, that a man who needs money for the purposes of his business, and is not able to get it without some difficulty, without difficulty which he feels, that man may be said to be embarrassed in his

pecuniary affairs.  A man who needs money and cannot readily get it, by the ordinary means, is a man who in my judgment would be an embarrassed man.

\*      \*      \*      \*      \*      \*      \*      \*

You find that this man, so situated, undertakes to procure a loan of money from a bank.   And the question comes up whether the demand of the judgment note on the one side and the giving of the judgment note on the other side, was such a matter as would indicate of itself that the man was in an embarrassed condition.   If that was not fairly inferable from all the facts, if it was a reckless assertion on the part of the newspaper, made wantonly, with levity and with carelessness, then the defendant would be liable for the statement.   On the other hand, if it was a statement which any fair-minded, intelligent man, with a knowledge of the circumstances and a knowledge of the community, would naturally make under the circumstances, [if it was such an inference as you and I would draw from the facts, then in my opinion they are not liable and it would not be your duty to find a verdict for the plaintiff.] [5]   But the whole matter depends upon questions of fact, which you must find, and which I do not propose to find for you.   In expressing any opinion upon the facts, I do it only to enlighten you and not to bind you.

Now that covers the whole case.   In the first place you are to consider the situation of the parties, whether the giving of this judgment note was such a fact from which it might be inferred in this particular case that the man was in a condition of embarrassment; and secondly, whether the word " embarrassed " described the condition in which you may find that this man was.

\*      \*      \*      \*      \*      \*      \*      \*

I have been requested 'by the plaintiff to instruct you as follows :

1. If you believe the plaintiff's innuendo to be true, your verdict must be for the plaintiff.

Answer : I have answered that point already in my general charge.   That point unqualifiedly I cannot affirm.[7]

2. The libel is on its face actionable, and no defence whatever has been shown.

Answer : That point I refuse.[9]

3. It is your duty to infer legal malice in this case.

Answer: That point I refuse.[10]

4. This publication was not a privileged communication.

Answer: I have defined in my charge how far it is privileged by telling you that a fair comment was admissible, but that an unfair and reckless comment, or one made in levity and carelessness was not admissible; this would take away the privilege.[11]

The jury returned a verdict in favor of the defendant. A rule for a new trial having been discharged, judgment was entered on the verdict, when the plaintiff took this writ, assigning as error:

1. The admission of defendant's offer.[1]

2–5. The parts of the charge embraced in [ ] [2 to 5]

7. The answer to plaintiff's point.[7]

9–11. The answers to plaintiff's points.[9 to 11]

*Mr. Richard P. White* (with him *Mr. George H. Earle, Jr.*), for the plaintiff in error.

*Mr. James H. Shakespeare* (with him *Mr James H. Heverin*), for the defendant in error.

OPINION, MR. JUSTICE STERRETT:

The evidence in this case tended to show that after the plaintiff had been engaged for some time in the retail drug business, he purchased the furniture, etc., of the St. George Hotel, Philadelphia, and leased the building itself for a term of five years from September 7, 1885. During the first year the hotel business showed a net profit of about $8,000, with favorable prospects for the next ensuing year. The house was largely patronized by guests who made it their home during the year, except for a few weeks in the summer.

In August, 1886, plaintiff determined to make some needed repairs, such as painting, papering, etc., involving a greater cash outlay than he was then prepared to meet without a temporary loan. For that purpose he had a note for $1,500 at four months, indorsed by his brother, discounted by the Third National Bank, with which he kept an account; and, as collateral security therefor, he gave the joint judgment-note of himself and brother, for

same amount, payable on demand, with the understanding that the latter should be used only in case the discounted note was dishonored. By an oversight of the bank, judgment was prematurely entered on the collateral note, but no execution was issued thereon. The Press Company, Limited, defendant, in its issue of August 9, 1886, published the following notice of the judgment:—

> "*Hotel Proprietors Embarrassed.*
>
> "A judgment was entered yesterday by the Third National Bank against J. F. and W. N. Hayes, of the St George Hotel, on a promissory note, dated August 6th and payable on demand, for $1,500."

This article constitutes the alleged libel, and is declared on with the following innuendo: "thereby then and there meaning that the said J. F. Hayes, the plaintiff, was in bad circumstances, insolvent, and unworthy of credit." Defendant's demurrer to the declaration being overruled, the plea of not guilty was entered, and on that issue the case was tried.

In addition to the facts and circumstances above stated, the evidence adduced by plaintiff tended to show that he was not embarrassed, nor in bad circumstances, insolvent, or unworthy of credit, at the time the judgment was entered, nor before; that in round figures his entire liabilities, including drug and hotel business, aggregated about $16,000, and his assets about thrice that sum; that none of his liabilities were pressing, and a very small proportion of same then due. His object in borrowing the $1,500 was to provide better accommodations for patrons of the hotel. Plaintiff himself was examined and rigidly cross-examined as to his business affairs, financial condition, etc. His testimony tended to show that the publication was prejudicial to his financial standing, and injurious to his business as proprietor of the hotel. The manner in which it affected both, and the extent of the alleged injury, were stated in detail, and need not be further noticed. The evidence was all for the consideration of the jury in determining questions of fact upon which it was their exclusive province to pass. The hotel books were produced on defendant's call, but it does not appear that they were examined or put in evidence, nor was there any rebutting testimony offered by defendant.

If there was no error in the trial, the verdict for defendant

should not be disturbed; but it is alleged the court erred in several particulars, some of which are worthy of notice.

In plaintiff's first and fourth points for charge, the learned judge was requested to instruct the jury as follows: "1. If you believe plaintiff's innuendo to be true, your verdict should be for plaintiff." "4. This publication was not a privileged communication." In his answer to the first, the learned judge said: "I have answered that point already in my general charge. That point I cannot unqualifiedly affirm."

We fail to discover in the general charge any such affirmance of the point, qualified or otherwise, as the publication itself and the undisputed evidence required. It was for the jury to say whether the publication meant what is alleged in the innuendo. If they found it did, the publication was libelous; and, under the uncontradicted evidence, plaintiff was entitled to a verdict. Written or printed words which are injurious to a person in his office, profession, or calling, or which impeach the credit of any merchant or trader, by imputing to him insolvency, or even embarrassment, are libelous. The law carefully guards the credit of merchants and traders. Imputations on their solvency, or suggestions that they are in pecuniary difficulties, etc., are, as a general rule, actionable: Odgers on Libel, 19, 29, 80, 81, and authorities there cited.

In its application to a man's financial condition or standing, the word "embarrassed," employed in the head-line of the article complained of, ordinarily means incumbered with debt, beset with urgent claims and demands, unable to meet his pecuniary engagements, etc.—words of substantially the same import as those used in the innuendo. The office of an innuendo is to aver the meaning of the language published, but if the common understanding of mankind takes hold of the published words, and at once, without difficulty or doubt, applies a libelous meaning to them, an innuendo is not needed, and if used may be treated as useless surplusage. Considered in connection with the rest of the article, the word "embarrassed" means substantially what is ascribed to it in the innuendo. That, however, was a question for the jury. The point should have been affirmed.

In his answer to the fourth point, above quoted, the learned judge said: "I have defined in my charge how far it is privi-

Opinion of the Court.

leged, by telling you that a fair comment was admissible, but that an unfair and reckless comment was not admissible. This would take away the privilege." This answer, we think, was misleading, and erroneous. Strictly speaking, the question of privilege was not involved. It was the common right of any one to publish the fact that a judgment for $1,500 had been entered against the defendants, substantially as shown by the record of the court in which it was entered; but it was neither the right nor the privilege of defendant or any one else to publish in connection therewith the declaration, in the form of a head-line, or otherwise, that the defendants in the judgment were embarrassed. That had a direct tendency to impair their credit and injure their business; and, if the evidence is believed, it did injure plaintiff's credit and business as a hotel-keeper. Such a declaration, whether it be regarded as an inference drawn by the writer from the fact that the judgment was entered, or be called a comment on a judicial proceeding, was an unwarranted assertion of fact, which, if untrue, was manifestly calculated to impair plaintiff's credit and injure his business. It does not follow that one who authorizes a confession of judgment against himself is financially embarrassed. The publication, as a whole, including the head-line, was in no sense privileged. The point should have been affirmed.

For reasons already suggested, those portions of the charge recited in the second, fourth, and fifth specifications were misleading and erroneous.

The testimony, elicited on cross-examination of plaintiff, was irrelevant and improper, and for aught that we know it may have prejudiced plaintiff's case.

The remaining specifications of error are not sustained; but, for reasons suggested in connection with the first, second, fourth, fifth, seventh, and eleventh specifications, the judgment should be reversed.

> Judgment reversed, and a venire facias de novo awarded.