Ringer, Appellant, *v.* Winner.

Argued October 11, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George P. Kountz,* with him *William H. Coleman,* for appellant.—Words, whether oral or written, are actionable per se when they disparage one in his office, profession, trade or occupation: Mengel v. Reading Eagle Co., 241 Pa. 367; Price v. Conway, 134 Pa. 340; Rush v. Cavanaugh, 2 Pa. 187; Hittie v. Lenhart, 20 York Co. R. 28.

It is for the jury to say whether the words were used in the sense ascribed to them by innuendo: Pfeifly v.

Henry, 269 Pa. 533; Abersold v. Marcus, 272 Pa. 199; Garvin v. Mercur, 68 Pa. Superior Ct. 10; Mengel v. Reading Eagle Co., 241 Pa. 367; Price v. Conway, 134 Pa. 340.

*H. F. Stambaugh,* with him *S. R. McClure, Ralph H. Demmler* and *Watson & Freeman,* for appellee.—Where the words alleged to be slanderous do not in themselves convey the meaning imputed to them in the innuendo, or where they are ambiguous or equivocal, there must be, not only in the pleadings, but also in the proofs, reference to some extrinsic matter, which will show the sense in which it is claimed they were understood: Pitts. A. & M. P. Ry. Co. v. McCurdy, 114 Pa. 554; Weaver v. Phillips, 231 Pa. 325; Price v. Conway, 134 Pa. 340; Vanderlip v. Roe, 23 Pa. 82; Lukehart v. Byerly, 53 Pa. 418; Stitzell v. Reynolds, 59 Pa. 488.

The words alleged were not actionable per se: Cullen v. Stough, 258 Pa. 196; Naulty v. Bulletin Co., 206 Pa. 128; Brinsfield v. Howeth, 107 Md. 278; Frybarger v. Boget, 184 Iowa 788.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1932:

In this action of slander, plaintiff appeals from the refusal of the court below to set aside a compulsory nonsuit entered by the trial judge. He agrees that but one of the alleged slanders, set forth in his statement of claim, need be considered on this appeal, namely, the allegation "that he, the defendant, visited the office of a certain local newspaper on the 31st day of January, 1927, and on the same day then and there said to the editor of said paper that he, the editor, would not print the reason that he, the plaintiff, was removed as an instructor from the South Hills High School because it was unprintable, meaning thereby that he, the plaintiff, was transferred to another high school because he was guilty of such act, actions and immoral conduct with the female pupils in said South Hills High School as made it

necessary for his removal and that he was unfit to be an instructor of children. And, further, if guilty of such conduct, to make him liable to penalties under the statutes of this Commonwealth."

At the trial it appeared that defendant was the principal of a public school in which plaintiff had been a teacher, but the latter had been transferred to another school of substantially the same grade and character. He blamed defendant for the transfer, and wrote to a weekly newspaper making complaints against defendant. The newspaper refused to print the article unless plaintiff assumed responsibility for it. He agreed to this, and it was printed over his signature. Defendant thereupon called upon the editor of the newspaper, and threatened suit unless it printed a satisfactory retraction. It agreed to and did this. In the course of that interview, defendant was asked by the editor why plaintiff was transferred from one school to the other, and in reply used the words which are set forth in the above quoted paragraph of the statement.

In the course of the trial, the foregoing article, written by plaintiff to the newspaper, was produced, identified and offered in evidence by his counsel. Taking it, and all the other evidence in the case into consideration, the trial judge entered the nonsuit and the court in banc sustained it. How far, if at all, that article may have affected the action we do not know, nor have we been given the opportunity to consider the question, since the article is not printed in the record. Nor has plaintiff been excused from printing it, by any action taken in accordance with the Act of May 11, 1911, P. L. 279, or the rules of this court. Under such circumstances, as we have often said, the appeal should be quashed: Snyder's Est., 279 Pa. 63; McCullough's Est. (No. 2), 292 Pa. 422; Shaw v. Shaw, 295 Pa. 241. The necessity for enforcing this rule is especially clear in cases like the present where the language used, if standing alone, will not bear the construction plaintiff puts upon it, and

hence all the attending circumstances must be shown in order that the court may determine whether or not the jury would be justified in giving to it the abnormal meaning alleged: Naulty v. Bulletin Co., 206 Pa. 128; Mengel v. Reading Eagle Co., 241 Pa. 367.

Defendant having been charged, by law, with the duty of seeing that the teachers under him, including plaintiff, as well as the scholars in the school, shall so act, while they are teachers and scholars, that no just complaint can be made of them, it was highly important that the court below should know, and it is equally important that we should know, the whole transaction, including what it was that plaintiff said in the article he caused to be published, which seemed to call for action on defendant's part, and resulted in his interview with the editor, when the words complained of were spoken. Only thus can we know whether the assertion that the cause of plaintiff's transfer to another school was "unprintable" in the sense alleged in the statement. Whatever the reason was, it seems to have been sufficient for the board of public education to make the transfer, as it and not defendant did. The relation between that body and defendant was of such a character that any communication of his to it, on matters relating to the well being of the school, was highly privileged, and defendant might well have concluded that the reason the board made the transfer was a matter for it and not for him, and hence, being confidential, was, in that sense, "unprintable" so far as he was concerned.

Whatever the fact may be as respects those matters, however, it is clear that plaintiff cannot print only so much of the evidence as suits him, and ask us to reverse the court below, which had all the evidence before it.

The appeal in this case is quashed.