Sarkees, Appellant, *v.* Warner-West Corporation.

Argued April 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Thomas J. Reilly*, of *Reilly & Pearce*, for appellant.

*Robert W. Beatty*, of *Butler & Beatty*, with him *Greer & Johnson*, for appellee.

OPINION BY MR. JUSTICE HUGHES, May 22, 1944:

Raymond A. Sarkees, the plaintiff, was engaged in business at 7048 and at 7050-52-54 Garrett Road, Upper Darby, Delaware County. In the month of March, 1943, the Warner-West Corporation purchased the building of which 7050-52-54 was a part. Although the plaintiff was still in possession under the terms of the lease, the Warner-West Corporation published a circular which indicated that a part of the premises 7050-52-54 Garrett Road was for rent. The circular contained photographs of the exterior and second floor interior, furnished details of floor plans, dimensions, character of construction, materials and other matters which might be of interest to prospective tenants. The only reference to the plaintiff was the appearance of the plaintiff's name as it was painted by the plaintiff on the second floor windows of 7050-52-54 Garrett Road and as it appeared on a sign hanging from the second story window at 7048 Garrett Road, also occupied by the plaintiff, but about which nothing was mentioned in the circular.

The plaintiff claims that the making, uttering and publishing of this circular was libelous and reflected upon his character; that it also brought discredit to his business reputation. The plaintiff in paragraph eight claims the publication was intended to carry and convey to the general public "that the said Plaintiff, Raymond A. Sarkees, also known as Sarkees, was a business failure; was being evicted from the premises; was unable to carry on his business; was closing his business; was selling out his entire business, including stock, fixtures and goodwill; was financially embarrassed and unable to pay his debts and obligations; was attempting to rent, lease or sub-lease the buildings in which he was engaged in the business aforesaid; was unreliable, undependable and unworthy of trust and confidence in his business dealings; that his financial standing was impaired; that his business was near bankruptcy; that he could not and would not pay his

bills for labor or material or both; nor could he perform other contractual obligations." The plaintiff then avers that "the false, scandalous, malicious and defamatory publication and charges set forth" are untrue; that the defendant knew they were untrue and by the printing, publishing and circulating of them damaged the plaintiff in his personal reputation and business.

The defendant has demurred, setting forth that the alleged libelous matter did not warrant or justify the innuendo contained in the statement of claim, but that the innuendo enlarged and added to the fair, natural and proper meaning of the matter alleged to be defamatory. The plaintiff concedes the right of the owner of the premises, when permitted under the terms of a lease, to display a "For Rent" sign upon such business establishment even though occupied by a business tenant, and that right of the defendant is not disputed here.

For the plaintiff to recover he must show the publication of the defendant to be libelous. A libel is a malicious publication, expressed either in printing or writing, or by signs and pictures, tending either to blacken the memory of one who is dead, or the reputation of one who is alive, and expose him to public hatred, contempt or ridicule: *Collins v. Dispatch Publishing Company*, 152 Pa. 187, 25 A. 546; *Pittock and Mills v. O'Niell*, 63 Pa. 253. If this publication imputes insolvency, financial embarrassment, unworthiness of credit or failure in business of the plaintiff, it would be libelous: *Phillips v. Hoefer*, 1 Pa. 62; *Hayes v. The Press Company, Limited*, 127 Pa. 642, 18 A. 331; *Will (National News Co.) v. Press Publishing Co.*, 309 Pa. 539, 164 A. 621.

The plaintiff, recognizing the publication was not actionable per se, sets forth in the statement of claim the innuendo. The innuendo must be warranted, justified and supported by the publication. In *Naulty v. Bulletin Company*, 206 Pa. 128, 55 A. 862, we stated: "The purpose of an innuendo, as is well understood, is to

define the defamatory meaning which the plaintiff attaches to the words; to show how they come to have that meaning and how they relate to the plaintiff: *Price v. Conway*, 134 Pa. 340. But it cannot be used to introduce new matter, or to enlarge the natural meaning of the words, and thereby give to the language a construction which it will not bear: *Hackett v. Providence Telegram Publishing Co.*, 18 R. I. 589. It is the duty of the court in all cases to determine whether the language used in the objectionable article could fairly and reasonably be construed to have the meaning imputed in the innuendo. If the words are not susceptible of the meaning ascribed to them by the plaintiff and do not sustain the innuendo, the case should not be sent to a jury." See *Ringer v. Winner*, 309 Pa. 270, 163 A. 519.

An examination of the published folder, the basis of this action of libel, would indicate that it is not susceptible of having ascribed to it the meanings imputed in the innuendo. The folder discloses that it is nothing other than an advertisement or notice that the daylight floor of 7050-52-54 Garrett Road and the store and basement of 7054 Garrett Road, now or recently occupied by the plaintiff, are available for rent. As stated in the opinion of the learned judge of the court below, "The only connection which this publication has with the plaintiff is the implication that the plaintiff is a present or former tenant. There is absolutely nothing in the publication to indicate or suggest in any manner the reasons why these premises, presently or formerly occupied by the plaintiff, are now available for rent. . . . The fact that a business man does not remain indefinitely at one location is not a novelty. There is nothing insidious, improper or indicative of any lack of success for a business house to move. Merchants may be presumed to move to bigger and better quarters just as readily as they would move to inferior quarters or close out their business."

If the publication complained of is not in fact libelous, it cannot be made so by an innuendo which puts an unfair and forced construction on the interpretation of the publication. The folder and matters contained therein, when taken in their usual and ordinary sense, could not be understood by those who read it as disparaging or damaging the plaintiff's reputation; and there is nothing in the folder itself or the statement of claim to justify the meaning ascribed in the innuendo. The demurrer was properly sustained.

Judgment affirmed.