210 A.2d 581.

## Joseph P. Andoscia *vs.* James E. Coady *et al.*

JUNE 2, 1965.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Roberts, J. This is an action of trespass on the case brought to recover damages alleged to have resulted from the defendants' publication of a defamatory statement concerning the plaintiff. The defendants' demurrer to the declaration was overruled by a justice of the superior court, and thereafter the defendants filed two special pleas and a plea to the general issue. The case was tried to a jury in the superior court and resulted in a verdict for the defendants, the trial justice thereafter granting the defendants' motion for a directed verdict. After the plaintiff's motion for a new trial was denied, he prosecuted a bill of exceptions to this court, including exceptions to certain evidentiary rulings, portions of the charge as given, the denial of his requests to charge, and the granting of the defendants' motion for a directed verdict.

The circumstances in which a publication of the defamatory statement is alleged to have been made are not in dispute. The plaintiff was a member of the Quonset Point Credit Union, a credit union organized among the employees of the Quonset Point Naval Air Station. On May 16, 1962 plaintiff was present at a meeting of a group of representatives of the full membership of that union at which defendant Coady was presiding. In the course of the proceedings plaintiff took the floor, read a prepared statement, and then submitted a motion concerned with the restoration of a prior method of cashing paychecks of employees of the Naval Air Station. As plaintiff was making this motion defendant Coady requested defendant Lynch, manager of the credit union, to read from a document in his possession, and it is the reading of this document that constituted the alleged publication of defamatory matter upon which the instant action was brought.

The declaration, in setting up the publication of the defamatory statement, alleges that "Within the possession and control of the defendants was a paper upon which was writ-

ten the allegations that the plaintiff had a loan account with the Quonset Point Credit Union which was in arrears, that the account was turned over to an attorney for collection, that the money which was represented by shares held by the plaintiff was debited from his share account and credited to his loan account and that the plaintiff's membership in the credit union was cancelled." There is in the declaration no further averment as to the contents of the statement alleged to be defamatory. However, plaintiff does further aver, by way of innuendo, that defendants "intending to destroy the reputation of the plaintiff and to cause him to be regarded as a person who did not liquidate his lawful obligations did wrongfully, falsely and maliciously publish, and cause to be published of and concerning the plaintiff the aforesaid writing * * *."

We turn first to a consideration of plaintiff's exceptions to the evidentiary rulings. He argues in general that the jury was entitled to be informed as to the facts and circumstances that preceded and surrounded the publication of the alleged defamatory statement. We are unable to accept so broad an assertion, being of the opinion that the conventional criteria controlling the admissibility of writings have application in this instance. The plaintiff in his brief presses but one such exception, that to the ruling of the court excluding from evidence a written instrument marked as plaintiff's exhibit 2 for identification.

This writing, signed by plaintiff, appears to be a recital of the history of a dispute relating to services performed by the credit union for its members. The plaintiff argues that it was admissible as being material on the issue of defendants' malice. Whatever might be the merits of that contention, we are persuaded that in the form in which it was offered the writing could only serve to mislead and confuse the jury on the issue of the publication of a defamatory statement and was properly excluded. We, therefore, overrule all of the evidentiary exceptions.

The defendants' motion for a directed verdict was made at the close of the evidence, and under rule of court decision was reserved thereon until the cause had been submitted to the jury. After the jury had returned a verdict for defendants, the court granted the motion for direction on the ground, inter alia, "that the evidence does not prove a slanderous statement."

The court obviously concluded that plaintiff had not proved the statement of which complaint was made to be defamatory per se or by reason of the innuendo. In *Reid* v. *Providence Journal Co.*, 20 R. I. 120, this court said at page 123: "But the plaintiff's counsel contends that even though the language complained of is not actionable *per se,* and is not made so by the innuendoes, yet it becomes actionable by reason of the allegation of special damage. We do not agree to so broad a statement of the law as pertaining to libel and slander. For while it is undoubtedly true that all words, *in their nature defamatory,* are actionable if a special damage follows, yet this is not true with regard to words which are not in their nature defamatory."

The case was tried on a plea of the general issue and two pleas of justification. While in an appropriate case a plea of justification may admit the truth of the innuendo and thus admit the defamatory character of a publication, it does not follow that where a publication in fact is not defamatory, the innuendo may be employed to import new matter into the publication for the purpose of rendering it defamatory. In *Hackett* v. *Providence Telegram Publishing Co.*, 18 R. I. 589, this court said: "The office of an *innuendo* is to define the defamatory meaning which the plaintiff attaches to the words, if they are equivocal; but it cannot be used to introduce new matter, or to enlarge the natural meaning of the words and thereby to give to the language a construction which it will not bear." This view of the limited office of the innuendo was affirmed as

recently as *Ogrodnick* v. *Providence Journal Co.*, 93 R. I. 316. In short, a plea of the general issue challenges the defamatory character of the publication, and where there is no evidence upon which the jury could find that the publication was of such character, it is the duty of the court to grant a motion for direction when made.

The instant declaration apparently withstood demurrer because of the pleading of the innuendo, but plaintiff was not thereby relieved of the necessity of proving, in order to recover, that the publication was defamatory either per se or by reason of its susceptibility of the defamatory meaning attributed to it by way of innuendo. In short, we subscribe to the view stated in *Reid* v. *Providence Journal Co.*, *supra*, at page 122: "* * *if the language is not reasonably capable of conveying to the ordinary mind the defamatory meaning alleged in the innuendo, it is the province and duty of the court to so declare, and to deny the right to maintain an action thereon." The view that the basic question of whether a publication is defamatory in character is for the court is well settled. *Walker* v. *D'Alesandro,* 212 Md. 163; *Sarkees* v. *Warner-West Corp.;* 349 Pa. 365; *Leers* v. *Green,* 24 N. J. 239.

The record nowhere discloses the precise language of the statement of which complaint is made. When the transcript is scrutinized closely, the testimony appearing therein, viewed in a light most favorable to plaintiff, discloses language that, in effect, charged plaintiff with being ineligible for participation in the proceedings he was attending for the reason that he had forfeited his membership in the credit union by reason of delinquency in the payment of a loan secured therefrom and that a claim for the unpaid debt had been placed in the hands of an attorney for collection. We find inescapable the conclusion that defendants charged plaintiff, in effect, with being a delinquent debtor who would not pay his obligation to the credit union

and by reason of pertinent bylaws had thereby forfeited his membership rights in the credit union.

We attach considerable significance to the fact that the innuendo in this declaration purports to explain the statement as imputing to plaintiff the status of a delinquent debtor who will not pay his obligations. In short, in the instant case the innuendo does not attempt to add new matter or enlarge the meaning of the publication beyond the terms thereof as established by the evidence. See *Hackett* v. *Providence Telegram Publishing Co., supra*. In the instant case the innuendo is hardly more than surplusage, simply stating, in effect, that the imputation of the statement as to plaintiff's being a delinquent debtor is defamatory per se.

There is a well-settled general rule relating to the defamatory character of publications which impute financial unreliability or irresponsibility to another. It is true, however, that the application of such rule to particular cases is many times difficult and results in confusion. Basically, where such publication imputes insolvency, financial embarrassment, unworthiness of credit, or failure in business to a plaintiff, it is libelous per se. *Sarkees* v. *Warner-West Corp., supra; Haggard* v. *Shaw,* 100 Ga. App. 813. In *Judevine* v. *Benzies-Montanye Fuel & Warehouse Co.,* 222 Wis. 512, 520, the court said: "Words imputing nonpayment of debts, want of credit, or insolvency to merchants, traders, and others in business where credit is essential to successful operation are libelous *per se.* * * * But to make them so, it has been held that it is essential that such imputation relate to or affect the plaintiff in his business."

It is our opinion that, applying the rule above stated to the publication concerning plaintiff's delinquency with respect to the loan obtained from the credit union, that publication is not defamatory per se. We are not overlooking the additional statement that plaintiff, by reason of this

delinquency, had forfeited his membership in the credit union. Whether in appropriate circumstances this statement might render the whole publication defamatory per se could be a cause of concern. However, we reiterate that a close scrutiny of the record and transcript of the evidence fails to disclose that the publication resulted in any impairment of plaintiff's credit or interferred with his employment at the Naval Air Station. In these circumstances, we find the conclusion inescapable that the publication was not defamatory per se. See *Blyther* v. *Pentagon Federal Credit Union*, D. C., 182 A.2d 892; *Urban* v. *Hartford Gas Co.*, 139 Conn. 301.

We are of the opinion then from the evidence here, viewed in a light most favorable to plaintiff and with all reasonable inferences in his favor drawn therefrom, that the publication of which complaint was made was not defamatory in its nature. It is our further conclusion that the averments by way of innuendo in no way impute financial unreliability to plaintiff by way of extrinsic fact. It is, therefore, our conclusion that in these circumstances defendants were entitled to have the case withheld from the consideration of the jury and their motion for a directed verdict granted. That this is an appropriate use of a motion to direct a verdict see *Therrien* v. *First National Stores, Inc.*, 63 R. I. 44, and *Ringer* v. *Winner*, 309 Pa. 270.

Because we take the view that the defendants' motion for a directed verdict was properly granted and overrule the plaintiff's exception thereto, it will be unnecessary for us to further consider other contentions raised by the plaintiff.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Charles H. Anderson,* for defendants.