**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2351
_____

LEO GIBNEY,
                              Appellant

v.

THOMAS FITZGIBBON; MERCK & CO., INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-00007)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 27, 2013

Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: September 30, 2013)
_____

OPINION
_____

PER CURIAM

       Leo Gibney appeals *pro se* from the District Court's order dismissing his complaint

pursuant to Fed. R. Civ. P. 12(b)(6).  We will affirm.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Gibney filed a complaint for defamation against defendants Merck & Co., Inc. ("Merck") and Thomas FitzGibbon ("FitzGibbon"), an in-house lawyer for Merck with the title "Legal Director." The action was removed from the Court of Common Pleas for Montgomery County to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity of citizenship.[1]

According to the complaint, Gibney was an employee of Evolution, Inc. ("Evolution") and worked on a research project pursuant to a contract between Evolution and Merck. He accused Evolution of improperly billing Merck. Evolution terminated Gibney's employment, purportedly because he objected to Evolution's fraudulent scheme. Gibney then contacted two Merck officers via letter, in which he detailed Evolution's alleged improper billing, complained that Evolution had unjustly fired him, and requested that Merck undertake an audit. FitzGibbon's response to Gibney copied the two Merck officers to whom Gibney had written, as well as three other individuals.[2] It stated in relevant part:

> While I note your "request" for an audit, we see no need for any such audit. As far as Merck is concerned, the alleged overbilling has been investigated, the allegations have been determined to be unfounded and the matter is now closed and warrants no further action by Merck.

---

[1] The District Court had jurisdiction because Gibney is a citizen of Pennsylvania, Merck and FitzGibbon are citizens of New Jersey, and the amount in controversy exceeds the sum of $75,000. See 28 U.S.C. § 1332.

[2] FitzGibbon also copied Gibney's previous attorney and two other Merck employees on the letter. Motion to Dismiss, Dkt. No. 6, at 3 n.4 and Exhibit C.

Gibney claimed that FitzGibbon falsely stated that the allegations were "unfounded" and that he suffered substantial and permanent harm to his reputation as a result, including a defamation claim brought by Evolution against him.[3]

The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The District Court granted the motion, holding that the "statement in issue here…was not capable of a defamatory meaning as a matter of law." Thereafter, the District Court denied Gibney's motion to alter or amend the judgment or grant leave to amend the complaint. This appeal followed.

II.

We have jurisdiction under 28 U.S.C. § 1291, and exercise "plenary review over the District Court order granting the Rule 12(b)(6) motion." Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). We review denial of a motion to alter or amend a judgment or leave to amend for abuse of discretion. See Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). Because Gibney has proceeded *pro se* throughout, his filings will be liberally construed, but he is still required to allege sufficient facts in his complaint to support a valid claim. See Mala v. Crown Bar Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). To do so, Gibney must plead enough facts, accepted as true, to plausibly suggest entitlement to relief.

---

[3] This defamation claim is a counterclaim that Evolution filed in response to the wrongful termination claim Gibney filed against Evolution, which is pending in the Montgomery County Court of Common Pleas. See Gibney v. Evolution Marketing Research, LLC, No. 2012-10933, Montgomery County Ct. Com. Pl.

3

Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 675, 679 (2009)).

"Although replete with First Amendment implications, a defamation suit fundamentally is a state cause of action." Jenkins v. KYW, 829 F.2d 403, 405 (3d Cir. 1987) (citations omitted). In resolving claims based on Pennsylvania law, "we must do what we predict the Pennsylvania Supreme Court would do." Wassall v. DeCaro, 91 F.3d 443, 445 (3d Cir. 1996).

Under 42 Pa. Cons. Stat. § 8343(a), a plaintiff is required to prove seven elements to make out a claim of defamation, including inter alia, proof of "[t]he defamatory character of the communication." Whether a communication is capable of defamatory meaning is a "threshold issue" to be determined by the court. Kurowski v. Burroughs, 994 A.2d 611, 617 (Pa. Super. Ct. 2010); see also Blackwell v. Eskin, 916 A.2d 1123, 1125 (Pa. Super. Ct. 2007) ("Whether the contested statements are capable of defamatory meaning is a question of law for the court."). The plaintiff bears the burden of making this showing and "[i]f the court determines that the challenged publication is not capable of defamatory meaning, there is no basis for the matter to proceed to trial." Kurowski, 994 A.2d at 617 (internal quotation marks omitted).

In considering whether a statement is capable of defamatory meaning, the court considers "whether the statement tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third parties from associating or dealing with him." Tucker v. Phila. Daily News, 848 A.2d 113, 124 (Pa. 2004) (internal quotation marks omitted). The statement must be examined in context to determine its likely effect on the reader, id., and

the Court should evaluate the effect it is likely to produce "in the minds of the average persons among whom it is intended to circulate." Tucker v. Fischbein, 237 F.3d 275, 282 (3d Cir. 2001) (internal quotation marks omitted). Furthermore, the statement must do more than merely annoy or embarrass the purported victim. Phila. Daily News, 848 A.2d at 124 (internal quotation marks omitted).

The statement in question here- that "[a]s far as Merck is concerned, the alleged overbilling has been investigated, [and] the allegations have been determined to be unfounded"- says nothing about Gibney himself or his character, yet he claims that it "conveys that [he] made false or unsubstantiated accusations about [Evolution]." However, innuendo "cannot be used to introduce new matter, or to enlarge the natural meaning of the words, and thereby give to the language a construction which it will not bear." Sarkees v. Warner-W. Corp., 349 Pa. 365, 368 (1944) (citation omitted). As the District Court explained, FitzGibbon was simply answering Gibney's letter "providing Gibney with the result of the investigation that Gibney's letter had initiated." Gibney asks us to read meaning into the statement which clearly is not there. While Gibney was dissatisfied with FitzGibbon's statement that his allegations were unfounded, even if that statement were untrue, it would not "lower him in the estimation of the community or…deter third parties from associating or dealing with him." Tucker, 848 A.2d at 124. We therefore agree with the District Court that FitzGibbon's statement was not capable of a defamatory meaning as a matter of law.[4]

---

[4] Gibney attempts to provide defamatory meaning to FitzGibbon's statement by arguing that it was the basis for Evolution's defamation counterclaim against him, and that the District Court erred because it never addressed this fact. Gibney's argument is unavailing. The fact that Evolution has a counterclaim against Gibney for statements he made about Evolution has no

III.

For the foregoing reasons, we agree with the District Court that dismissal was proper.

Accordingly, we will affirm.[5]

---

bearing on the statement made by FitzGibbon here which, we have established, is incapable of defamatory meaning.

[5]We conclude that the District Court did not abuse its discretion in denying Gibney's motion to alter or amend the judgment or grant leave to amend the complaint, because Gibney did not meet the requirements under Federal Rule of Civil Procedure 59(e) and amending the complaint would be futile. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citation omitted); See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).