500 A.2d 1226

**Floyd J. DOBSON, a Minor by Floyd R. and Marian G. DOBSON, His Guardians, Appellants**

**v.**

**WBRE–TV, INC.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1985.

Filed Nov. 29, 1985.

Edward E. Kopko, Assistant District Attorney, Pottsville, for appellants.

Edward E. Knauss, IV, Harrisburg, for appellee.

Before BROSKY, ROWLEY and OLSZEWSKI, JJ.

BROSKY, Judge:

This is an appeal from the order granting appellee's motion for summary judgment in this defamation action. Appellant's sole issue is whether the trial court erred in

ruling that the television documentary in question was incapable of a defamatory meaning. After carefully reviewing the record and briefs submitted by counsel and after viewing the documentary in question, we find no error in the trial court's determination. Accordingly, we affirm the order granting summary judgment.

This action is based on appellant's brief appearance in a television documentary produced by appellee. The title of the documentary is "Drinking and Smoking in Shamokin" and its purpose was to depict problems facing the youths in rural counties of northeastern Pennsylvania. Appellant was video taped while he was driving down Independence Avenue, Shamokin, along with countless other teenagers, engaged in a widely popular pastime commonly referred to as "cruising." These street scenes were used to open the documentary as a lead-in to the main story.

The commentary accompanying the opening footage explained that cruising was a favorite pastime with the youth in Shamokin and some interviews conducted with other participants indicated that there was really nothing else to do in town. This set up the main theme of the documentary, that some youths were finding other ways to spend their evenings by drinking and doing drugs. At no time, however, was there any suggestion or inference that the people cruising were the people engaged in the aforementioned illegal behavior. In fact, it was clearly shown that the drug use and the underaged drinking were taking place in isolated "party areas" far from the main street of Shamokin.

It is the function of the trial court, in the first instance, to determine whether the challenged publication is capable of a defamatory meaning, and if the communication is not capable thereof, there is no basis for the matter to proceed to trial. *Thomas Merton Center v. Rockwell Intern. Corp.*, 497 Pa. 460, 442 A.2d 213 (1981), *cert. denied*, 457 U.S. 1134, 102 S.Ct. 2961, 73 L.Ed.2d 1351 (1982). When making the determination, the trial court must consider the publication in its entirety and the impression it would naturally engender in the minds of average persons. *Id.* Also, under Pennsylvania law:

[a] communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

*Id.*, 497 Pa. at 464, 442 A.2d at 215. Finally, a publication cannot be rendered defamatory by an unfair and forced construction on its interpretation. *Id.*

■ We agree with the trial court's determination that the documentary in the instant case is incapable of a defamatory meaning. The documentary is a truthful depiction of an average weekend evening in Shamokin. The documentary does not directly indicate that the youths shown cruising Independence Avenue were involved in criminal activity, nor could an average viewer reasonably infer such meaning from the documentary. It would require a strained and forced construction to find such a meaning.

Therefore, we find that the trial court correctly concluded that the documentary, "Drinking and Smoking in Shamokin," is incapable of defamatory meaning. As such, there remains no basis to proceed to trial in the action, and appellee's Motion for Summary Judgment was properly granted.

Order affirmed.