612 A.2d 443

**Eileen LIVINGSTON, Appellant,**

v.

**John E. MURRAY, Jr., in His Own Right, and As Agent for Duquesne University, and Duquesne University.**

Superior Court of Pennsylvania.

Argued April 23, 1992.

Filed June 29, 1992.

Petition for Allowance of Appeal Denied
Nov. 23, 1992.

Joel S. Sansone, Pittsburgh, for appellant.
Robert E. Durrant, Pittsburgh, for appellee.

Before HUDOCK, MONTGOMERY and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the order of the lower court which granted appellees' motion for summary judgment. The sole issue presented for our review is whether the trial court erred in granting summary judgment on the basis that appellees' statements were incapable of defamatory meaning. For the reasons discussed below, we affirm.

Before addressing appellant's claim, we will briefly recount the relevant facts of this case. Appellant, Eileen Livingston, was employed by Duquesne University as its athletic director. Because the athletic program was to be reorganized or restructured, appellant was notified in March 1989 that her contract would not be renewed and that her employment at Duquesne would terminate as of June 30, 1989. Articles discussing the reorganization/restructuring of Duquesne University's athletic program as well as other changes at Duquesne were published in the March 21, 1989 edition of the *Pittsburgh Post–Gazette* and in the April 6, 1989 and October 22, 1989 editions of the *Pittsburgh Press.*

Because of the allegedly defamatory statements contained in these articles, appellant instituted this action against appellees, Duquesne University and its president, John E. Murray, Jr., by writ of summons on April 3, 1990. A complaint involving only the March and April articles was subsequently filed. In March of 1991, appellant sought leave of court to amend her complaint to include a third cause of action for the allegedly defamatory comments contained in the October article. Because the statute of limitations had expired as to the October publication, appellant's motion to amend was denied by the lower court.[1] *See* 42 Pa.C.S.A. § 5523(1) (providing a one-year statute of

---

1. Appellant has not instituted a separate appeal from the order denying her motion to amend nor has she challenged this ruling in the instant appeal. Accordingly, we will not review the trial court's order denying her motion. Since appellant's cause of action for the October publication is barred, it will not be further discussed.

limitations for defamation actions) and *Graham v. Today's Spirit,* 503 Pa. 52, 58, 468 A.2d 454, 457 (1983) (providing that a separate cause of action arises for defamatory statements which are contained in separate editions). After obtaining appellant's consent, appellees amended their answer to include new matter raising the statute of limitations as an affirmative defense to the March publication. Appellees thereafter filed a motion for summary judgment which was granted by the trial court.[2] This timely appeal followed.

■ In reviewing the trial court's grant of summary judgment, we observe that

[s]ummary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P.[, Rule] 1035(b)[, 42 Pa. C.S.A.] An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. The moving party has the burden of proving the nonexistence of any genuine issue of material fact. [Further,] [t]he record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Marks v. Tasman,* 527 Pa. 132, 134–135, 589 A.2d 205, 206 (1991) (citations omitted). *Accord Curran v. Philadelphia Newspapers, Inc. (I),* 497 Pa. 163, 177–178, 439 A.2d 652, 659 (1981); *Neish v. Beaver Newspapers, Inc.,* 398 Pa.Super. 588, 590, 581 A.2d 619, 620–621 (1990), *allocatur de-*

2. The trial court concluded that summary judgment was appropriate with regard to the April publication because it was incapable of defamatory meaning. Trial Court Opinion, dated January 6, 1992, at 3. Summary judgment was granted as to the March communication on the basis that it was barred by the applicable statute of limitations. *See id.* at 2. Because appellant has not challenged the trial court's conclusions relating to the expiration of the statute of limitations, the March article need not be further discussed.

*nied,* 527 Pa. 648, 593 A.2d 421 (1991). Moreover, an appellate court will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.,* 415 Pa.Super. 189, ——, 608 A.2d 1074, 1077 (1992), *citing McCain v. Pennbank,* 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988).

■ With respect to defamation actions, we additionally note that "[i]t is the function of the court to [initially] determine whether the challenged publication is capable of a defamatory meaning. If the court determines that the challenged publication is not capable of a defamatory meaning, there is no basis for the matter to proceed to trial." *Thomas Merton Center v. Rockwell International Corp.,* 497 Pa. 460, 464–465, 442 A.2d 213, 215–216 (1981), *cert. denied,* 457 U.S. 1134, 102 S.Ct. 2961, 73 L.Ed.2d 1351 (1982). *Accord Baker v. Lafayette College,* 516 Pa. 291, 296, 532 A.2d 399, 402 (1987); *Corabi v. Curtis Publishing Co.,* 441 Pa. 432, 442, 273 A.2d 899, 904 (1971); *Neish v. Beaver Newspapers, Inc.,* 398 Pa.Super. at 591, 594, 581 A.2d at 621, 622–623; *Dobson by Dobson v. WBRE–TV, Inc.,* 347 Pa.Super. 612, 614, 500 A.2d 1226, 1227 (1985); *Agriss v. Roadway Express, Inc.,* 334 Pa.Super. 295, 305, 483 A.2d 456, 461 (1984); *Zartman v. Lehigh County Humane Society,* 333 Pa.Super. 245, 250, 482 A.2d 266, 268 (1984). However, in cases "where a plausible innocent interpretation of the communication exists, if there is an alternative defamatory interpretation, the issue must proceed to the jury." *Dougherty v. Boyertown Times,* 377 Pa.Super. 462, 472, 547 A.2d 778, 783 (1988). *Accord Corabi v. Curtis Publishing Co.,* 441 Pa. at 447, 273 A.2d at 906–907; *Gordon v. Lancaster Osteopathic Hospital Association, Inc.,* 340 Pa.Super. 253, 261, 489 A.2d 1364, 1368 (1985). We will evaluate the trial court's decision in accordance with these principles.

 The article published in the April 6 edition of the *Pittsburgh Press* appeared as follows: [3]

### Duquesne hires Colleary as AD

Duquesne University has hired Marist College's Brian Colleary as athletic director to replace Eileen Livingston, fired last month after nearly six years as head of the Dukes' athletic department.

Colleary has been athletic director at Marist in Poughkeepsie, N.Y., for four years, during which the men's basketball team made two NCAA tournament appearances and the men's tennis, lacrosse, football and women's volleyball teams made significant improvement. Colleary oversaw a program of 14 Division I sports at Marist.

Duquesne President Dr. John Murray said Colleary was recommended to him by "some people in athletics for whom we have the utmost respect. He comes with a great many recommendations from people who have seen his work.["]

"After meeting him, we understand why there was so much enthusiasm in those recommendations."

Colleary also is given credit for expanding and improving the school's athletic facilities and upgrading the men's basketball schedule to include such teams as Providence and Villanova and a berth in the ECAC Holiday Festival in 1987.

Marist's basketball program recently completed a two-year NCAA probation tenure for violations committed in 1984, before Colleary was hired.

Murray said that issue was discussed during the interview.

**3.** We must examine the full context of the communication in which the statements appear to properly determine whether the statements are capable of defamatory meaning. *See Baker v. Lafayette College,* 516 Pa. at 296, 532 A.2d at 402; *Thomas Merton Center v. Rockwell International Corp.,* 497 Pa. at 465, 442 A.2d at 216; *Dobson by Dobson v. WBRE–TV, Inc.,* 347 Pa.Super. at 614, 500 A.2d at 1227; *Zartman v. Lehigh County Humane Society,* 333 Pa.Super. at 251, 482 A.2d at 269. We have accordingly set forth the article in its entirety because of the nature of the allegedly defamatory statements at issue in this case.

"As I understand it, Brian made absolutely certain that situation was not only resolved but would never occur again, so it was a very positive aspect of his background."

Murray said the hiring of Colleary would help Duquesne in the pursuit of a head basketball coach.

The search committee has interviewed several candidates this week, including Tim Grgurich, Nevada–Las Vegas assistant coach, and Penn State assistant Tim Loomis.

"It's nice to have an AD for the coach to meet," Murray said. "If the new coach does not know who the AD will be, he might have some misgivings.["]

"Now we have an AD who has respect around the country."

Colleary is a graduate of Fordham University.

He served as head football coach, assistant director of athletics and associate director of athletics at Iona College in New Rochelle, N.Y., during the late 1970s and early 1980s.

Appellant's Complaint, Exhibit B. Appellant believes that the statement "[n]ow we have an AD who has respect around the country", which appears to be attributed to President Murray, is capable of defamatory meaning. We disagree.

A publication is defamatory if it tends to blacken a person's reputation or expose him to public hatred, contempt, or ridicule, or injure him [or her] in his [or her] business or profession. [Also,] [a] communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

*Agriss v. Roadway Express, Inc.*, 334 Pa.Super. at 305, 483 A.2d at 461. *Accord Baker v. Lafayette College*, 516 Pa. at 296, 532 A.2d at 402; *Thomas Merton Center v. Rockwell International Corp.*, 497 Pa. at 464, 442 A.2d at 215; *Corabi v. Curtis Publishing Co.*, 441 Pa. at 441–442, 273 A.2d at 904; *Neish v. Beaver Newspapers, Inc.*, 398 Pa.Super. at 591, 581 A.2d at 621; *Dobson by Dobson v. WBRE–*

*TV, Inc.,* 347 Pa.Super. at 615, 500 A.2d at 1227; *Zartman v. Lehigh County Humane Society,* 333 Pa.Super. at 250, 482 A.2d at 268. Further, a communication is defamatory if it ascribes to another conduct, character or a condition that would adversely affect his or her fitness for the proper conduct of his or her lawful business, trade or profession. *Thomas Merton Center v. Rockwell International, Corp.,* 497 Pa. at 466, 442 A.2d at 216; *Dougherty v. Boyertown Times,* 377 Pa.Super. at 473, 547 A.2d at 783; *Gordon v. Lancaster Osteopathic Hospital Association, Inc.,* 340 Pa.Super. at 260, 489 A.2d at 1368.

 In determining whether a communication is defamatory, the court must consider

the effect the [entire] article is fairly calculated to produce[ ] [and] the impression it would naturally engender[ ] in the minds of the average persons among whom it is intended to circulate. The words must be given by judges and juries the same significance that other people are likely to attribute to them. [In addition,] [t]he nature of the audience is a critical factor in determining whether a communication is capable of defamatory meaning.... However, the fact that the challenged statements may annoy or embarrass a person is not sufficient as a matter of law to create an action in defamation.

*Dougherty v. Boyertown Times,* 377 Pa.Super. at 472–473, 547 A.2d at 783 (citations omitted). *Accord Baker v. Lafayette College,* 516 Pa. at 296–297, 532 A.2d at 402; *Thomas Merton Center v. Rockwell International Corp.,* 497 Pa. at 465, 442 A.2d at 215; *Neish v. Beaver Newspapers, Inc.,* 398 Pa.Super. at 594–595, 581 A.2d at 621; *Gordon v. Lancaster Osteopathic Hospital Association, Inc.,* 340 Pa.Super. at 261, 489 A.2d at 1368; *Agriss v. Roadway Express, Inc.,* 334 Pa.Super. at 305–306, 483 A.2d at 461–462; *Zartman v. Lehigh County Humane Society,* 333 Pa.Super. at 251, 482 A.2d at 269. "Finally, opinion without more does not create a cause of action in libel. Instead, the 'allegedly libeled party must demonstrate that the communicated opinion may reasonably be understood to imply the

existence of undisclosed defamatory facts justifying the opinion.' " *Baker v. Lafayette College,* 516 Pa. at 297, 532 A.2d at 402 (citations omitted).

■ When the allegedly defamatory article is viewed in accordance with these considerations, we are compelled to agree with the trial court that it is incapable of defamatory meaning. The sole mention of appellant in the entire article appears in the first paragraph which indicates that appellant had been terminated from her position. However, this statement was not placed in quotes and does not appear to be directly attributable to either President Murray or other Duquesne officials. More importantly, the statement does not disparage appellant's reputation, conduct or character nor does it appear to be the type of statement which, in and of itself, would subject appellant to public hatred, contempt or ridicule. *Compare Baker v. Lafayette College,* 516 Pa. at 297–299, 532 A.2d at 402–403 (statements criticizing the plaintiff's performance of his teaching duties were not defamatory); *Neish v. Beaver Newspapers, Inc.,* 398 Pa.Super. at 595–506, 581 A.2d at 623 (statements mentioning the plaintiff's absence from council meetings and the plaintiff's refusal to attend private council meetings and offer verbal opinions were not defamatory); *Gordon v. Lancaster Osteopathic Hospital Association, Inc.,* 340 Pa.Super. at 261–262, 489 A.2d at 1369 (statements expressing lack of confidence in the plaintiff's professional abilities and recommending that his contract not be renewed were not defamatory) and *Beckman v. Dunn,* 276 Pa.Super. 527, 535, 419 A.2d 583, 587 (1980) (statements criticizing the plaintiff's mediocre academic performance and bickering over exam results were not defamatory) with *Corabi v. Curtis Publishing Co.,* 441 Pa. at 447, 273 A.2d at 907 (news article was capable of defamatory meaning where it implicated the plaintiff in the commission of various criminal offenses and immoral conduct); *Dougherty v. Boyertown Times,* 377 Pa.Super. at 473, 547 A.2d at 783 (statements were capable of defamatory meaning where they disparaged the plaintiff's professional competence as a chiropractor and insinu-

ated that he had defrauded his patients and a health insurer); *Agriss v. Roadway Express, Inc.*, 334 Pa.Super. at 306, 483 A.2d at 462 (statements were capable of defamatory meaning where they accused the employee of dishonesty, a lack of integrity and untrustworthiness as well as the federal criminal offense of opening another's mail) and *Zartman v. Lehigh County Humane Society*, 333 Pa.Super. at 253, 482 A.2d at 270 (statements were capable of defamatory meaning where they accused the plaintiff of being cruel to animals, maintaining animals in unhealthy living conditions, and selling animals to laboratories for research).

 Aside from the single reference to the fact that appellant had been terminated from her position as athletic director, the remainder of the article reviews the achievements, qualifications and recommendations of appellant's successor, Mr. Colleary. In addition, the article discussed Duquesne University's search for a new basketball coach and identified the names of individuals who were to be interviewed for the coaching position. However, neither of these topics can reasonably be construed as impugning appellant's professional reputation and skills as the statements do not pertain to appellant nor do they make explicit reference to her.

 Moreover, the statement attributed to President Murray relating to Duquesne University's acquisition of an athletic director who is respected around the country does not defame appellant. This statement expresses nothing more than President Murray's opinion that Duquesne University's new athletic director is one who has received national respect. Further, this opinion appears to be based on disclosed facts relating to the new athletic director's prior qualifications, achievements and the enthusiastic recommendations from other respected individuals who are employed in the athletics field. President Murray's statement therefore cannot be viewed as defamatory. *See Baker v. Lafayette College*, 516 Pa. at 297–299, 532 A.2d at

402–403 (concluding that opinions based on disclosed facts were incapable of defamatory meaning).

Appellant does not dispute this assessment but nevertheless suggests that the article is defamatory by innuendo. The essence of appellant's argument is that the reference to appellant being fired in connection with the enthusiastic and favorable comments relating to Mr. Colleary implies that appellant lacks national respect and the necessary qualifications to be an athletic director. *See* Appellant's Brief at 13–14. Appellant is correct in her assertion that a communication may be deemed capable of defamatory meaning by innuendo even though the words utilized therein are not in themselves defamatory. *See Thomas Merton Center v. Rockwell International Corp.*, 497 Pa. at 467, 442 A.2d at 217; *Bogash v. Elkins*, 405 Pa. 437, 440, 176 A.2d 677, 679 (1962); *Sarkees v. Warner–West Corporation*, 349 Pa. 365, 367–368, 37 A.2d 544, 546 (1944); *Neish v. Beaver Newspapers, Inc.*, 398 Pa.Super. at 592, 581 A.2d at 623; *Dobson by Dobson v. WBRE–TV, Inc.*, 347 Pa.Super. at 615, 500 A.2d at 1227 (all of which discuss defamation by innuendo). *See also Corabi v. Curtis Publishing Co., supra* (although defamation by innuendo was not expressly discussed, passages that were taken out of context and accompanying innuendos were deemed capable of defamatory meaning). To establish defamation by innuendo, the "innuendo must be warranted, justified and supported by the publication." *Thomas Merton Center v. Rockwell International Corp.*, 497 Pa. at 467, 442 A.2d at 217. *Accord Sarkees v. Warner–West Corporation*, 349 Pa. at 367, 37 A.2d at 546. As further explained by the Supreme Court:

> [t]he purpose of an innuendo, as is well understood, is to define the defamatory meaning which the plaintiff attaches to the words; to show how they come to have that meaning and how they relate to the plaintiff[.] But it cannot be used to introduce new matter, or to enlarge the natural meaning of the words, and thereby give to the language a construction which it will not bear[.] It is the

duty of the court in all cases to determine whether the language used in the objectionable article could fairly and reasonably be construed to have the meaning imputed in the innuendo. If the words are not susceptible of the meaning ascribed to them by the plaintiff and do not sustain the innuendo, the case should not be sent to a jury.... [Consequently,] [i]f the publication complained of is not in fact libelous, it cannot be made so by an innuendo which puts an unfair and forced construction on the interpretation of the publication.

*Sarkees v. Warner–West Corporation,* 349 Pa. at 368, 369, 37 A.2d at 546. *Accord Thomas Merton Center v. Rockwell International Corp.,* 497 Pa. at 467, 442 A.2d at 217; *Bogash v. Elkins,* 405 Pa. at 440, 176 A.2d at 679; *Neish v. Beaver Newspapers, Inc.,* 398 Pa.Super. at 592, 581 A.2d at 621; *Dobson by Dobson v. WBRE–TV, Inc.,* 347 Pa.Super. at 615, 500 A.2d at 1227. Application of these considerations leads us to conclude that the April article is not defamatory by innuendo.

As previously discussed, President Murray's statement relating to the new athletic director is merely an expression of his opinion based on disclosed facts. The only innuendo which reasonably could be inferred from this statement is President Murray's belief that Duquesne University's athletic program previously did not possess national recognition or respect and that the hiring of a nationally recognized and respected athletic director will enable Duquesne University's athletic program to attain respect and recognition throughout the country. To arrive at the innuendo suggested by appellant, however, a reader must take the statement out of context, juxtapose it with the reference to appellant, and then ascribe thereto a meaning which directly contravenes the ordinary meaning and usage of the words set forth in the statement. Because appellant's innuendo can only be obtained by means of a tortured and unreasonable construction, the publication cannot be deemed defamatory. *See Thomas Merton Center v. Rockwell International, Corp., Bogash v. Elkins, Sarkees v. Warner–West Corpo-*

*ration, Neish v. Beaver Newspapers, Inc.,* and *Dobson by Dobson v. WBRE–TV, Inc., supra.*

In sum, the communication of which appellant complains is neither explicitly defamatory on its face nor defamatory by innuendo. Because appellant failed to establish that the publication was capable of defamatory meaning, summary judgment was properly granted. We therefore affirm the order of the lower court.

Order affirmed.

HUDOCK, J., did not participate in the decision of this case.