J-A30020-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| THOMAS W. SHAFFER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ALFRED AMBROSINI | |
| Appellee | No. 653 WDA 2017 |

Appeal from the Order Entered April 24, 2017
In the Court of Common Pleas of Fayette County
Civil Division at No: 552 OF 2016 G.D.

BEFORE: BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    FILED MARCH 28, 2018

Appellant, Thomas W. Shaffer ("Shaffer"), appeals pro se from the April 24, 2017 order entered in the Court of Common Pleas of Fayette County, granting summary judgment in favor of Appellee, Alfred Ambrosini ("Ambrosini"). Following review, we affirm.

Shaffer, a former part-time public defender in Fayette County, was terminated from that position on July 29, 2013. He initiated an action in federal court against Fayette County and Ambrosini, a former Fayette County commissioner who voted in favor of Shaffer's termination. Shaffer claimed violations of his Fourteenth Amendment rights and violations of the Equal Pay Act, and asserted state law claims based on allegedly defamatory statements indicating Shaffer was in need of anger management training. By order

entered February 19, 2016, the Honorable Joy Flowers Conti, Chief United States District Judge for the Western District of Pennsylvania, granted summary judgment in favor of Fayette County and Ambrosini on Shaffer's federal claims, and dismissed his state law defamation claim without prejudice to pursue the claim in state court.

Shaffer's case was transferred to Fayette County on March 18, 2016. Ambrosini subsequently filed a motion for summary judgment, contending that Shaffer failed to set forth a prima facie case of defamation because statements made by Ambrosini about anger management were true and because Shaffer failed to demonstrate any special damages, a required element of a defamation claim. Shaffer filed a brief in opposition and sought leave to amend his complaint. On November 7, 2016, the trial court denied the motion for leave to amend. Shaffer filed an appeal to this Court from the November 7, 2016 order but discontinued that appeal on January 23, 2017. Shaffer v. Ambrosini, 1931 WDA 2016.[1]

_____

[1] Shaffer sought to "amplify" his complaint "to specifically plead defamation per se." Motion for Leave to File Amended Complaint, 9/6/16, at ¶¶ 4, 22. Ambrosini opposed the motion, contending Shaffer's complaint asserted defamation, claiming only that Ambrosini's statements about Shaffer were false and contended Shaffer had an anger issue. Amending the complaint to allege defamation per se would not be an amplification but rather would raise a new claim beyond the statute of limitations. Ambrosini's Opposition to Motion to Amend, 9/16/16, at ¶¶ 6, 22. The trial court denied the motion, finding Shaffer was attempting to plead defamation per se beyond the applicable statute of limitations and that the amendment would be prejudicial

The trial court heard argument on Ambrosini's motion for summary judgment and granted the motion on April 24, 2017. This timely appeal followed. Both Shaffer and the trial court complied with Pa.R.A.P. 1925.

Shaffer asks us to consider two issues on appeal:

1. Whether the trial court erred by abusing its discretion in granting [Ambrosini's] motion for summary judgment where its decision lacked any factual and legal merit on the issue of truth as to the defamatory per se statements made by [Ambrosini]. Specifically, in reference to the court's finding that ". . . in our judgment under the circumstances of this case, they would not have had [']a different effect on the mind of those hearing than the truth would have produced['] with regard to whether [Shaffer] had an anger issue." This improper finding of fact contradicts all of the evidence of record. More particularly, the testimony of Pete Cordaro, Timothy Mahoney and [Shaffer] clearly demonstrates that [Shaffer] was never referred for anger management classes or received any such treatment thereby creating a genuine issue of fact that could only be resolved by a jury and not the trial judge.

2. Whether the trial court erred by abusing its discretion in granting [Ambrosini's] motion for summary judgment where its decision lacked any factual and legal merit on the issue of consent to privileged medical information. Specifically, [Shaffer] never orally or in written form consented to the release of privileged medical information from [Ambrosini] to Pete Cordaro and Timothy Mahoney. This improper finding of fact contradicts all of the evidence of record. More particularly, the testimony of [Ambrosini], Pete Cordaro, Timothy Mahoney and [Shaffer] clearly demonstrates that [Shaffer] never gave any written or oral consent for [Ambrosini] to provide any medical information to anyone thereby creating a genuine issue

_____

to Ambrosini. Trial Court Order, 12/7/16, at 1-2. Shaffer does not challenge the trial court's ruling in this appeal.

- 3 -

of fact that could only be resolved by a jury and not the trial judge.

Appellant's Brief at 4.

Before addressing Shaffer's issues, we note that Ambrosini asked us to dismiss this appeal pursuant to Pa.R.A.P. 2101 (Conformance with Requirements) and Pa.R.A.P. 2188 (Consequence of Failure to File Brief and Reproduced Records). Ambrosini contended Shaffer failed to file a designation of the parts of the record to be included in the reproduced record and then filed a reproduced record that failed to comply with both Pa.R.A.P. 2152 (Content and Effect of Reproduced Record) and Pa.R.A.P. 2153 (Docket Entries and Related Matter). Ambrosini argued he was prejudiced by Shaffer's failure to comply with the rules and suffered financial prejudice for the time and expense of compiling and filing a supplemental reproduced record.

It is evident that Shaffer failed to comply with the referenced rules. While we do not condone his disregard for our appellate rules, we recognize that the documents he failed to include in the reproduced record are part of the certified record on appeal. Therefore, while Ambrosini may have been inconvenienced and certainly incurred the costs of supplementing the reproduced record, our review of the issues presented in this appeal is not impeded by Shaffer's misstep. Therefore, we deny Ambrosini's motion to dismiss.

As noted above, Shaffer's suit against Ambrosini is a defamation action. As our Supreme Court recognized in Joseph v. Scranton Times L.P., 129 A.3d 404 (Pa. 2015):

> [The analysis of a defamation action] begins with an examination of the relevant legislative authority which sets forth that in an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:
>
> > (1) The defamatory character of the communication.
> > (2) Its publication by the defendant.
> > (3) Its application to the plaintiff.
> > (4) The understanding by the recipient of its defamatory meaning.
> > (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> > (6) Special harm resulting to the plaintiff from its publication.
> > (7) Abuse of a conditionally privileged occasion.

Id. at 424 (quoting 42 Pa.C.S.A. § 8343(a) (emphasis added)).

With regard to the element of special harm from a defamatory statement, our Supreme has stated that, "for purposes of a Pennsylvania defamation case, proof of actual injury to a private plaintiff's reputation is a prerequisite to the recovery of damages for other actual injuries, including mental and emotional injuries." Joseph, 129 A.3d at 429. Further:

> [W]e have held the plaintiff must demonstrate whether the statement tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third parties from associating or dealing with him. We have specifically indicated that, as to this element, it is not enough that the victim of the statements be embarrassed or annoyed, he must have suffered the kind of harm which has grievously fractured his standing in the community of respectable society.

Id. at 430 (internal quotations, citations, brackets, and ellipses omitted).

Further, as this Court recently recognized:

> [Section 8343(a)] "does not overrule the long line of cases in our Supreme Court which hold that a slander per se is actionable without proof of special damage."  Walker v. Grand Cent. Sanitation, Inc., 430 Pa. Super. 236, 634 A.2d 237, 242 (1993) (adopting Restatement of Torts as applicable law regarding defamation per se).  Under the Restatement (Second) of Torts, defamation per se occurs when the statement ascribes to the plaintiff any of the following: commission of a criminal offense, a loathsome disease, serious sexual misconduct, or conduct or characteristics that adversely affect the plaintiff's fitness to properly conduct his profession, trade or business.  Restatement (Second) of Torts § 570.  See Livingston v. Murray, 417 Pa. Super. 202, 612 A.2d 443 (1992) (holding a statement defamatory if it blackens or injures a person in his business or professional reputation).

Krolczyk v. Goddard Systems, Inc., 164 A.3d 521, 531 (Pa. Super. 2017).

Turning to Shaffer's assertion that the trial court erred or abused its discretion by granting summary judgment in this case, we recognize the applicable scope and standard of our review as follows:

> As has been oft declared by this Court, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Atcovitz v. Gulph Mills Tennis Club, Inc., 571 Pa. 580, 812 A.2d 1218, 1221 (2002); Pa. R.C.P. No. 1035.2(1).  When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party.  Toy v. Metropolitan Life Ins. Co., 593 Pa. 20, 928 A.2d 186, 195 (2007).  In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt."  Id.  On appellate review, then,

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals.
>
> Weaver v. Lancaster Newspapers, Inc., 592 Pa. 458, 926 A.2d 899, 902–03 (2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. Id. at 903.

Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010).

As reflected in the above passage, the trial court is to consider all facts, as well as reasonable inferences from those facts, in a light most favorable to Shaffer as the non-moving party. The trial court encapsulated the underlying facts in its Rule 1925(a) opinion. We repeat that summary here, finding it represents the facts in a light most favorable to Shaffer.

> Here we believe it is undisputed that [Shaffer] was employed as a part-time public defender and was suspended with pay following an incident in the Public Defender's Office of Fayette. County. He was referred to the Employee Assistance Program with goals which included anger management. Adam Sedlock, as part of the referral, administered a Minnesota [Multiphasic ("MMPI")] Test and found [Shaffer] did not require participation in an anger management program. [Shaffer] returned to work on November 29, 2012. Eight months later he was involved in a disruptive incident in a magisterial judge's office following which he was suspended without pay. During the County's investigation into the incident and its decision[-]making process as to [Shaffer's] future at the Public Defender's Office, [Shaffer] requested two individuals, Mr. Cordaro and Mr. Mahoney, to speak to [Ambrosini] on his behalf. [Ambrosini's] statements to Cordaro were that he believed [Shaffer] needed anger management classes or that he may have been referred to anger management. [Ambrosini's]

statement to Mahoney was that he thought [Shaffer] was in anger management and that there would not be a conclusion until the anger management was over. To the extent that those statements conveyed the message that [Shaffer] was required to enroll in anger management, they were not accurate.

Trial Court Opinion, 4/24/17, at 5-6.

In support of its grant of summary judgment, the trial court explained:

[I]n our judgment, under the circumstances of this case, [Ambrosini's statements] would not have had a "different effect on the mind of those hearing than the truth would have produced" with regard to whether [Shaffer] had an anger issue. We, therefore, believe summary judgment is proper on this basis.

Trial Court Opinion, 4/24/17, at 5-6.

We agree. We recognize that Shaffer was not enrolled in anger management classes, nor was he required to enroll in anger management classes. It is not disputed that he was given the goal of "anger management" as a prerequisite to returning to work in 2012. He was evaluated by means of a test that determined he did not require anger management classes. However, that did not change the goal set for him to return to work.

Despite Shaffer's protestations and his arguments to the contrary, his complaint alleged defamation.[2] Importantly, Shaffer did not prove any actual

_____

[2] As noted above, Shaffer sought leave to amend to complaint to allege defamation per se, contending he was merely attempting to "amplify" his defamation claims that he filed within the applicable statute of limitations. His motion was denied. Consequently, he was required to prove actual injury, whereas a claim of defamation per se would require a showing of general damage but not proof of "special damage," i.e., monetary or out-of-pocket loss. Walker, 634 A.2d at 241; see also Joseph, 129 A.3d at 429.

injury to his reputation. Even if Ambrosini's statements suggesting Shaffer required, or was receiving, anger management training caused him embarrassment, he has not demonstrated that he suffered the kind of harm that "grievously fractured his standing in the community." See Joseph, supra. Consequently, the trial court properly considered his claims of defamation and correctly determined that Ambrosini was entitled to summary judgment. Shaffer is not entitled to relief on his first issue.

In his second issue, Shaffer argues the trial court erred by granting summary judgment in light of the fact he did not give consent to disclose privileged medical information. However, it is not clear from a reading of Shaffer's brief what "privileged medical information" he believes was disclosed.[3] The only "medical" records he mentions were in reference to a HIPAA authorization he signed for purposes of the MMPI test administered in 2012. Appellant's Brief at 24. There is no suggestion that any medical information was disclosed or medical records shared.

Shaffer knew that his conduct jeopardized his employment, both in 2012 and in 2013. Due to the possibility of losing his job, he approached Cordaro and Mahoney and asked them to contact Ambrosini and another commissioner

---

[3] Shaffer's Third Amended Complaint does not clarify what "medical information" is at issue. In Count II of the complaint, styled "Defamation of Character," Shaffer simply alleged that "Ambrosini slandered [Shaffer] by publicating false, defamatory and non-existent medical allegations about him regarding anger management counseling[.]" Appellant's Third Amended Complaint, 12/30/14, at ¶ 31.

to put in a good word for him. He could not reasonably expect that conversations between his friends and the commissioners would NOT include discussion of his behavior, regardless of whether the words "anger management" were part of the conversation. As the trial court determined, "That [Ambrosini] would express his understanding of the status of the investigation could reasonably be anticipated." Trial Court Opinion, 4/24/17, at 6. As Ambrosini observes, "[t]here is no evidence or even specific allegation that Ambrosini stated or inferred [Shaffer] had a mental defect or other psychiatric issue; the undisputed evidence demonstrates that Ambrosini indicated that Shaffer was referred for 'anger management.'" Appellee's Brief at 18 (citation to record omitted). In fact, the only person who has suggested there was any mention of a "mental defect" is Shaffer himself. Neither Ambrosini nor the individuals with whom he spoke—Cordaro and Mahoney—attribute any mention of a "mental defect" to Ambrosini. Moreover, any discussion with Cordaro and Mahoney involved Shaffer's behavior, not "privileged medical information." Shaffer's second issue fails for lack of merit.

We find no error of law or abuse of discretion on the part of the trial court. Therefore, we shall not disturb its order granting summary judgment in favor of Ambrosini.

Motion to dismiss denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2018