## Keen *versus* Vaughan's Executrix.

48     477<br>f 34 SC 1314

*Accord and satisfaction discussed.—Audita querela refused.*

1. An agreement by a creditor to accept a sum of money in payment and satisfaction of a larger debt, does not discharge the debt unless fully executed; nor can it be enforced, while any part continues executory.

2. Thus where a petition for a writ of *audita querela* averred an agreement to accept a certain sum in compromise of a larger judgment, and an actual receipt of the greater part, with a tender of the balance, it was not error to refuse the writ.

Error to the District Court of *Philadelphia.*

This was a proceeding in the court below, founded on the suggestion and petition of James S. Keen, in which was set forth that an action was brought in court to June Term 1860, No. 896, by Mary Davis against petitioner, to recover an alleged balance due her upon the purchase, by petitioner, of said Mary Davis's dower interest in her late husband Anthony Davis's estate; and that a judgment was recovered by her against petitioner thereupon, on the 26th day of March 1864, for the sum of $1356.60; that subsequently to the judgment rendered, to wit, on the 30th day of May, A. D. 1864, plaintiff, in consideration that the judgment was obtained for a much larger amount than was actually due, and the further consideration that petitioner was insolvent, which plaintiff then knew, agreed to accept, in full satisfaction and compromise of said judgment, the sum of $300, which agreement had been executed by payment to her of the sum of $285, parcel of said consideration, and a tender to her of the remaining sum of $15, although said plaintiff expressly agreed to call and receive said balance at No. 125 Margaretta street, in said city, where said sum of $15 then was, and always has been, according to her directions and instructions; that she thereupon entered into, and made a written agreement with the defendant, in which she compromised said judgment with said defendant for the sum of $300 as aforesaid, and in consideration of said sum agreed that satisfaction of record should be entered on said judgment, which agreement was as follows:—

"Mary Davis *v.* James S. Keen. D. C. J. 60. 896.

"This is to certify, that the above judgment I have this 30th day

[Keen *v.* Vaughan's Executrix.]

of May 1864, compromised with James S. Keen, on behalf of my father, Thomas Vaughan, deceased, and who left to my mother everything. She has given me the power to settle said judgment, which I have compromised with said James S. Keen for $300. On the payment of said $300, on the furnishing to the said Mr. Hart or Brewster my receipts for the $300, I authorize the said Brewster and Hart to mark said judgment satisfied, I being the only one who. employed said Hart and Brewster, and directed them throughout.

                    " (Signed)               " MARY DAVIS.

" Paid this day, on account above, $100, to Mary Davis." ·

He also averred that he paid said sum of $300, in pursuance of the terms of said agreement, to the plaintiff, and fully complied therewith, as prepared and able to show; but averred that " although he hath complied therein, yet the said plaintiff hath refused to deliver an assignment of said judgment, notwithstanding she executed such to defendant, or to satisfy said judgment. That subsequently to the rendition of said judgment he paid the plaintiff the whole of said judgment, except the sum of $15, to wit, June 24th 1864; and that she still pretends that said judgment is wholly unsatisfied, unpaid, and in full force, which he denies. That the said plaintiff, notwithstanding said judgment hath been paid, compromised, settled, and fully discharged, caused a writ of *fieri facias* to be issued, and placed the same in the hands of the sheriff of the city aforesaid; and the personal property of this defendant's wife was by virtue thereof levied thereon, as well as the property of petitioner's brother; that she is harassing and pursuing petitioner with said *fieri facias*, issued as aforesaid, and threatens, and still is keeping said *fieri facias* alive and in full force, and pretends she hath a right to the execution of said judgment, and a right to pursue petitioner therewith, so that he is put to great expense and trouble, and is now harassed by said *fieri facias*, and his goods liable to seizure by the sheriff aforesaid." He therefore prayed the court to grant him proper remedy in this behalf by allowing him to have a writ of *audita querela* upon the premises against the plaintiff, and offered to give and justify good and sufficient bail by two sureties, according to law; he also prayed that his complaint in this behalf being heard, the said plaintiff might be called before the court, and the reasons of the party being heard, full and speedy justice may be done to him, as of right and according to the laws and customs of the Commonwealth shall be proper and just to be done, &c.

In support of this application depositions were taken and read in the court below.

On hearing, the court below refused the application for an

[Keen *v.* Vaughan's Executrix.]

*audita querela,* which was the error assigned here by the petitioner.

*Lucas Hirst,* for plaintiff in error.

*Charles Hart* and *F. C. Brewster,* for defendant in error.

The opinion of the court was delivered, January 25th 1865, by
STRONG, J.—Assuming that the record of the application for the *audita querela* is properly before us, and that the writ of error has brought up the proceedings we are asked to review, we are all of the opinion that the plaintiff in error has no cause of complaint. Beyond his petition for the writ we are not at liberty to look. The depositions are no part of the record. If by the showing of his petition there was no ground for the relief which he sought, the court below was not in error in refusing to award the writ. The most that can be made of the suggestion is, that it avers an agreement to accept $300 in full satisfaction of a judgment recovered by Mary Davis against Keen the relator, and an actual receipt by her of $285, in pursuance of the agreement, together with a tender of the remaining $15 not accepted. Now, admitting that an agreement to accept a sum of money in payment and satisfaction of a larger debt, if fully executed, amounts to a discharge of the debt, it certainly does not, while any portion of the stipulated sum remains unpaid. Nor can the agreement of the creditor be enforced while any part of it continues executory, for the reason that it is without consideration. The creditor may rue the bargain while it is in any particular *in fieri.* The plaintiff in error appended to his suggestion a copy of the agreement, upon which he relied, and no other agreement was alleged to have been made. According to his own showing, that has not been executed by either party, and it is idle, therefore, to contend that Mrs. Davis's judgment is satisfied.

But it is said the suggestion contains an additional averment of the payment of the whole judgment except $15. If such an allegation was intended, it was very unfortunately expressed. To us it seems rather a deduction from the recited agreement, and the action under it, than the assertion of an independent fact. If it is not, the party has sadly failed in the certainty of his pleading, and if it is, it was a hazardous mode of statement. Without dwelling longer on the case, we conclude that the plaintiff in error laid no sufficient ground for the writ.

The judgment is affirmed.