# Hascsak v. Leseinsky, Appellant.

*Actions—Joint and several liability—Beneficial associations.*

1. Whenever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of joinder are not necessary for the purpose, but, on the other hand, there should be words of severance in order to produce a several responsibility or a several right. Whether the liability incurred is joint or several, or such that it is either joint or several at the election of the other controlling party, depends upon the terms of the contract, if they are express.

2. Where three officers of a beneficial society make out a check to their own individual order for death benefits due the wife of a deceased member, and all three indorse it, and two collect the proceeds and never pay them to the beneficiary, the third indorser is liable for the amount of the check to the beneficiary.

Argued March 4, 1909. Appeal, No. 32, March T., 1909, by defendants, from order of C. P. Lackawanna Co., Sept. T., 1906, No. 757, dismissing exceptions to report of referee in case of Anna Hascsak by L. P. Wedeman v. John Leseinsky et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, J. Affirmed.

Exceptions to report of W. N. Leach, Esq., referee. Before CARPENTER, J.

The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing the exceptions.

*M. J. Martin*, for appellants.—There was no promise either express or implied by the defendants to pay any money to the plaintiff: Beers v. Robinson, 9 Pa. 229; Susquehanna Ins. Co. v. Perrine, 7 Watts & Ser. 348; Given v. Rettew, 162 Pa. 638; Adams v. Kuehn, 119 Pa. 76; Freeman v. R. R. Co., 173 Pa. 274.

The association was not made a party to the action, and the action cannot be maintained against its officers: McAleer v. McMurray, 58 Pa. 126; Craig v. Gregg, 83 Pa. 19; Brown v. Orr, 112 Pa. 233; Fisher v. Olive Branch Lodge, 152 Pa. 449;

Pfeifer v. Ben. Soc., 173 N. Y. 418; Kurz v. Eggert, 9 W. N. C. 126; Pain v. Sample, 158 Pa. 428; Paul v. Keystone Lodge, 3 W. N. C. 408; Luders v. Volp, 8 W. N. C. 417; McDowell v. Smith, 21 W. N. C. 558.

*Edward W. Thayer,* for appellee, cited: Adams v. Kuehn, 119 Pa. 76; Freeman v. R. R. Co., 173 Pa. 274; Townsend v. Long, 77 Pa. 143; Phila. v. Reeves, 48 Pa. 472; Wynn, Admr., v. Wood, 97 Pa. 216; Justice v. Tallman, 86 Pa. 147; Hostetter v. Hollinger, 117 Pa. 606; Beers v. Robinson, 9 Pa. 229; Torrens v. Campbell, 74 Pa. 470.

OPINION BY ORLADY, J., July 14, 1909:

Prior to 1902, Theodore Hascsak became a member of a fraternal and beneficial society, called the Union of Greek and Catholic Russian Brotherhood of United States of America, and in its registration book, after stating his age, place of birth, members of his family, etc., in answer to the question, "After death to whom shall the Union pay the benefit?" he wrote as follows, "One half to my wife, the other half to St. Nicholas Church, of Rendham, Pennsylvania." It was prescribed by the by-laws in force at the time he became a member that, "In case a deceased member leaves no will, then, the money is left to the nearest heir or heirs recognized by the Union which are, first, wife and children, second, parents, father and mother."

Theodore Hascsak died May 29, 1902, in good standing in the society, and left to survive him, as the only member of his family, his wife, Anna, the real plaintiff in this case. The St. Nicholas Church of Rendham, Pa., was held to be not a proper person to be recognized as an heir under the by-laws of the union, and as no proof was adduced before the referee as to the validity of this bequest it was held to be void.

After this action of assumpsit was brought, the case was referred to a referee, who found in favor of the plaintiff and against the defendant for the full amount provided under the by-laws, which was provided for as follows: "If any member in good standing die, his wife, children or any other heirs, receive the sum of six hundred dollars from the Union." After

proper proof of death, a check was duly signed by the president, secretary and treasurer of the Supreme Lodge of the union, and made payable to the order of the three named defendants, as individuals, for $600 and was received by John Leseinsky, one of the defendants, who indorsed it, and gave it to the other two, who then went to a bank and received the proceeds. They never made payment of any part of it to the plaintiff, although frequently demanded so to do. While they were in fact officers of the local union, the money passed to them as individuals, and the act of each was necessary to enable anyone to receive the money on the check. These defendants were also members of the local union at Rendham, of which the plaintiff's husband was a member, and knew the source of the money, the party entitled to receive it, and with full knowledge of the use to which it was to be applied, that is, to be transmitted to the widow, they converted it to their own use. The act of each in this transaction must be treated as the act of all.

The vital facts in the case are few and are undisputed, and there should not be any doubt as to the application of the law to them. In Pittsley v. King, 206 Pa. 193, it is held that whenever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of joinder are not necessary for this purpose; but, on the other hand, there should be words of severance in order to produce a several responsibility or a several right. Whether the liability incurred is joint, or several, or such that it is either joint or several at the election of the other contracting party depends upon the terms of the contract, if they are express: 1 Parsons on Contracts, 11; Enys v. Donnithorne, 2 Burrows, 1190; Phillips v. Bonsell, 2 Binn. 138; Philadelphia v. Reeves, 48 Pa. 472.

The one named beneficiary, to wit: the church, not being within the class of persons entitled to receive in case of death, and the wife, the plaintiff, being the only beneficiary entitled to the fund, the conclusion reached by the referee and the court below was correct.

The assignments of error are overruled and the judgment is affirmed.