Yadusky et al., Appellants, *v.* Shugars et al.,
Administrators.

Argued May 13, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*B. V. O'Hare,* with him *H. O. Bechtel,* for appellant.— "Personally liable" must be construed as meaning "individually liable": Wampler v. Shissler, 1 W. & S. 365; Besore v. Potter, 12 S. & R. 154; Geddis v. Hawk, 10 S. & R. 33.

The presumption of law is that where two or more persons undertake an obligation they undertake jointly, and to create a several liability there must be express words of severance: Phila. v. Reeves, 48 Pa. 472; Pittsley v. King, 206 Pa. 193; Morrison v. Surety Co., 224 Pa. 41.

*C. E. Berger,* with him *A. L. Shay,* for appellee, cited: Sabarof v. R. R., 92 Pa. Superior Ct. 286; Phila. v. Reeves, 48 Pa. 472, 476; Pittsley v. King, 206 Pa. 193; Morrison v. Surety Co., 224 Pa. 41, 43; Mintz v. Gas Co., 259 Pa. 477; Hascsak v. Leseinsky, 39 Pa. Superior Ct. 642, 644.

OPINION BY MR. JUSTICE WALLING, June 21, 1930:

In 1920, William B. Shugars, Leopold E. Schimpf and F. J. Helfreigel, being owners of all the stock of the Liberty Brewing Company, of Tamaqua, Pennsylvania, sold it to Martin Yadusky et al., plaintiffs herein. The agreement of sale contained, inter alia, provisions as follows: "The parties of the first part [Shugars et al.] agree that other than the first mortgage now owned by the Miners Realty Co. and the second mortgage bonds outstanding there are no debts owing by the Liberty Brewing Co. and if any other debts be found that have been incurred by the Liberty Brewing Co. prior to October 10, 1920, that they, the parties of the first part, agree to pay the same and be personally liable for the same.

"The parties of the first part agree that they are and will be personally liable for all things done in connection with the operation or management of the business of the Liberty Brewing Co. prior to the date of this agreement......

"And for the faithful performance of the covenants of this agreement, the parties hereto bind themselves, their heirs, executors and administrators." Shugars died in 1925 and thereafter this suit was brought against his executors on the averment that there were certain named liabilities outstanding against the brewing company at date of sale (aside from those above mentioned), which plaintiffs had been compelled to pay. In answer thereto defendants set up, inter alia, that the agreement, in part above quoted, was joint and not several and, hence, as the two other parties of the first part thereto were not joined as defendants no recovery could be had against the Shugars's estate. The trial judge sustained this contention and directed a verdict for the defendants. The court in banc, having entered judgment thereon, plaintiffs brought this appeal.

In our opinion, the judgment was improperly entered. True, the covenant of two or more is presumed to be

joint and not several: Mintz v. Tri-County Nat. Gas. Co., 259 Pa. 477; Pittsley v. King, 206 Pa. 193; Keen v. Vaughan's Executrix, 48 Pa. 477. But whether it is joint or joint and several depends on the words of the covenant: Pittsley v. King, supra, Hascsak v. Leseinsky, 39 Pa. Superior Ct. 642; 13 C. J. 77. In the case of Mintz v. Tri-County Nat. Gas Co., supra, the present Chief Justice, speaking for the court, says (page 481) : "The question whether a contractual promise, made by two or more persons, is joint, several, or joint and several, depends upon the intention of the parties as evidenced by the language employed in the agreement under consideration, the general rule being that, in the absence of an apparent intent to the contrary, such promises are presumed to be joint, and not several or joint and several."

What leads us to the conclusion here that the agreement is several, as well as joint, is the personal liability which the covenantors twice assume in the part above quoted. We can see no controlling difference between the expression, "personally liable" and "individually liable" and the latter would undoubtedly create a several obligation. One definition Webster gives of "personal" is, "relating to an individual." 48 C. J. 1044, defines "personal" as "affecting or relating to one individually." Therefore, when the covenantors personally agreed to pay, it was as individuals and created a several liability. It was tantamount to covenanting that "each" or "every one" or "respectively" should be liable. See Besore v. Potter, 12 S. & R. 154; Geddis v. Hawk, 10 S. & R. 33; Wampler v. Shissler, 1 W. & S. 365. A contract should be so construed if possible as to give effect to all its language. In the instant case we are unable to discover that the words "personally liable" add aught to the contract, unless held as creating a several liability. While the obligation of two or more will be presumed to be joint, yet the absence of any expression therein that it is so intended, as in the instant case,

strengthens the expressions indicating that it is intended also as several: Morrison v. American Surety Co., 224 Pa. 41, 44. That the parties bind "themselves, their heirs, executors and administrators" is entirely consistent with the contention of a joint and several obligation. It being such, plaintiffs might sue the obligors jointly or, as here, separately.

The judgment is reversed and a new trial granted.