622 A.2d 1380

**Roger MEINHART and Grace Meinhart, Appellants,**

v.

**Dorothy Lucille HEASTER, Edna G. Hall, Betty Jean Flanagan, Joanna Beth Edwards, Jennie Larue Johnson, Stephen Clark McClain, and Barry Ernest McClain, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1992.

Filed April 7, 1993.

Roger Meinhart, pro se.

William J. Myers, Huntingdon, for Heaster, Hall, Flanagan & Edwards, appellees.

Before DEL SOLE, POPOVICH and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from the order of the trial court which, *inter alia,* granted Appellees' preliminary objections and dis-

missed Appellants' claim for breach of a lease-purchase agreement. We affirm in part and reverse in part.

The facts and procedural history may be summarized as follows: On March 22, 1988, the parties entered into a written lease and option to purchase certain realty which Appellees jointly owned. On October 22, 1990, Appellants filed a complaint in which they alleged that Appellees' failure to deliver "clear and marketable title" caused Appellees to breach the lease-purchase agreement (Agreement). As a consequence, Appellants alleged that they were denied the full use, enjoyment and rights to the property. On November 19, 1990, Appellees Jennie LaRue Johnson (Johnson) and Stephen Mark McClain (Stephen McClain) filed preliminary objections to Appellants' complaint in the nature of a demurrer and pendency of a prior action. On November 27, 1990, the remaining Appellees also filed preliminary objections, in the nature of a demurrer, averring that they had fully complied with the terms of the written Agreement. Thereafter, the trial court granted the preliminary objections. As to the preliminary objections filed by Johnson and Stephen McClain, the trial court found that pending prior actions filed by Appellants barred the present suit. As to the remaining Appellees, the trial court dismissed the suit against them on the grounds that they had fully complied with the terms of the Agreement.

Appellants raise the following issues on appeal:

A. Did the Trial Court commit error in granting the Preliminary Objections of Appellees, Dorothy Lucille Heaster, Edna G. Hall, Betty Jean Flanagan, Joanna Beth Edwards and Barry Ernst [sic] McClain, in the nature of a demurrer to Plaintiffs' Complaint?

B. Did the Trial Court commit error in granting Preliminarys [sic] Objections of Appellees, Stephen Clark McClain and Jennie LaRue Johnson, in the nature of pendency of prior action?

C. Did the Trial Court Judge commit error in refusing to recuse himself from the case?

Appellants' Brief at p. 8. We will discuss and dispose of the above claims in the order in which they are raised. Initially, however, we must determine whether the present appeal is properly before us.

■ An order dismissing some, but not all, counts of a multi-count complaint is generally interlocutory and not immediately appealable. *Holmes v. Lado*, 412 Pa.Super. 218, 602 A.2d 1389 (1992), *alloc. den.*, 530 Pa. 660, 609 A.2d 168; *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). "[I]f the dismissed count states a cause of action that is separate and distinct from the remaining counts, the order dismissing that count is final and appealable; if the dismissed count merely states an alternate theory of recovery, the order dismissing it is interlocutory and not appealable." *Motheral v. Burkhart*, 400 Pa.Super. 408, 416, 583 A.2d 1180, 1185 (1990); *Praisner v. Stocker, supra.*

■ In the case *sub judice*, the appeal is taken from an order dismissing one count of a multi-count complaint; the trial court dismissed the claim for breach of the Agreement, while permitting a defamation claim against Appellees to continue. It is clear from the record that the breach of contract claim, although somewhat related factually, is separate and distinct from the defamation claim. The present appeal, therefore, is properly before us.[1] Thus, we shall address the merits of Appellants' claims.

■ Appellants first claim that the trial court erred in dismissing their claim against the several Appellees because, although they have fully complied with the terms of the Agreement, they remain jointly and severally liable for the failure of Johnson and Stephen McClain to comply with the contract terms. Preliminary objections which result in the

1. We note that the newly amended Rule 341(c) of the Pennsylvania Rules of Appellate Procedure, 42 Pa.C.S., specifically addresses the procedure to be followed with regard to the entry of a final order which disposes of "one or more but fewer than all" of the claims of the parties. These amendments govern actions commenced after July 6, 1992. Because the present action was commenced prior to that time, we decide the finality of the order in accordance with the above case law.

dismissal of a cause of action will be sustained only in cases which are clear and free from doubt. *Ambrose v. Cross Creek Condominiums*, 412 Pa.Super. 1, 602 A.2d 864 (1992). Thus, using this standard, we must determine whether the several Appellees are jointly and severally liable with Johnson and Stephen McClain.

It is well-settled that "[p]romises made by two or more persons are presumed to be joint and not several or joint and several in the absence of an apparent intention to the contrary." *Levin v. Fidelity–Philadelphia Trust Co.*, 358 Pa. 124, 128, 56 A.2d 239, 241 (1948); *Yadusky v. Shugars*, 301 Pa. 99, 102, 151 A. 785, 786 (1930). The intention of the parties must be determined from the language used in the contract in question. *Levin v. Fidelity–Philadelphia Trust Co., supra.* Appellants claim that joint and several liability is imposed on all Appellees in the present case by virtue of the language of Paragraph 14 of the Agreement. This Paragraph reads, "This Agreement shall be binding on the parties and their heirs, successors and assigns." Appellants state, "The general rule of law is that an obligation by more than one party and 'their heirs, successors and, [sic] assigns' shall be construed as a joint and several obligation." Appellants' Brief at p. 14. Appellants cite *Yadusky v. Shugars, supra,* to support this proposition. Appellants' statement misrepresents the holding in *Yadusky.* In that case, our Supreme Court found that the fact that the parties bound "themselves, their heirs, executors and administrators," was consistent with the contention of a joint and several obligation. *Id.* at 103, 151 A. at 786. Our Supreme Court in *Yadusky,* however, actually determined the liability therein was joint and several because the language in the contract, whereby the parties agreed to be held "personally liable", was tantamount to an agreement to being severally liable.

In the present case, Appellants have admitted in their pleadings that all Appellees, except Johnson and Stephen McClain, have delivered deeds to the property as required by the Agreement. Because the remaining Appellees are merely jointly liable and have complied with the terms of the Agree-

ment, we affirm that part of the trial court's order dismissing Appellants' breach of contract action against them.

■ Appellants next claim that the trial court erred in dismissing their contract action against Johnson and Stephen McClain on the basis of pendency of a prior action. Once again, we note that we should affirm the grant of preliminary objections which result in the dismissal of a cause of action only in cases which are clear and free from doubt. *Ambrose v. Cross Creek Condominiums, supra.* In order to sustain preliminary objections on the basis of pendency of a prior action, the court must determine that, in each case, the same parties were involved, the same rights were asserted, and the same relief was sought. *Penox Technologies, Inc. v. Foster Medical Corp.*, 376 Pa.Super. 450, 546 A.2d 114 (1988); *Procacina v. Susen*, 301 Pa.Super. 392, 447 A.2d 1023 (1982).

■ In the present case, although they fully admit that they also have filed a quiet title action (No. 89–175), and a separate action in equity seeking specific performance of the Agreement (No. 89–176), Appellants argue that the doctrine of pending prior action does not apply. We agree. In neither of the prior actions mentioned above do Appellants seek the same remedy as that requested in the instant action, *i.e.*, money damages. Consequently, we find that the trial court erred in sustaining the preliminary objections of Johnson and Stephen McClain on the basis of the pendency of a prior action. We therefore reverse the order of the trial court and remand the contract claim count of the complaint for trial along with the remaining defamation count.[2]

■ Appellants' final claim is that the trial court erred in failing to recuse itself. Generally, this decision is not a "final order" which terminates the litigation and is not appealable. *See Meinhart, et. ux. v. Heaster, et. al.,* No. 561–566 Harris-

2. We note that Appellants were not required to join their contract claim with their prior actions to quiet title and for specific performance. Compulsory joinder is required only of actions that were previously labeled assumpsit or trespass, categories that do not include quiet title actions or actions in equity. *See* Pa.R.C.P. 1020; *D'Allessandro v. Wassel*, 526 Pa. 534, 587 A.2d 724 (1991).

burg 1991 (per curiam order quashing interlocutory appeals from trial court order denying recusal request). However, were we to address the issue, we would find it moot inasmuch as the judge involved is no longer on the bench and will have no further involvement with the case. Any of his actions complained of by Appellants up to this point have been reviewed by us and either affirmed as proper or corrected by reversal.

Order affirmed in part and reversed in part. The matter is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.