632 A.2d 557

**Joseph BRITT, Appellant,**

**v.**

**CHESTNUT HILL COLLEGE and Thomas Earl Klee, Appellees.**

Superior Court of Pennsylvania.

Argued June 29, 1993.

Filed Oct. 13, 1993.

264

Richard P. Myers, Philadelphia, for appellant.

Fredrick C. Hanselmann, Philadelphia, for appellees.

Before DEL SOLE, BECK and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal from an order granting Appellees', Chestnut Hill College's and Thomas Earl Klee's, preliminary objections to Appellant, Joseph Britt's, Complaint. We reverse in part, and affirm in part.

The facts underlying this suit, are as follows. Appellant, a detective, enrolled in a Master's Degree program at Chestnut Hill College in 1987 and expected to graduate in May of 1990. In order to fulfill the requirements for his degree, in June 1989, Appellant enrolled in a required one week course, entitled, "Gender Stereotyping". The course was taught by Appellee Klee. According to Appellant, as part of a classroom

exercise, Appellee Klee directed another student, who Appellant claims was a "known" homosexual, to make physical advances towards Appellant. The student complied by telling Appellant that he was attracted to him and by touching Appellant above the knee. Appellant avers in his Complaint that he rejected the student's advances and that on the following day, Appellee Klee assigned that same student to serve as a "facilitator" to "deal with Appellant's anger." Appellant claims that he then voiced an objection with Appellee Klee suggesting that the exercise was improper. According to Appellant, Appellee Klee then became openly critical of Appellant's attitude and performance in the class and awarded him a "C" grade for the course.

Appellant claims that Appellee Klee thereafter did everything within his power to sabotage Appellant's reputation and academic career. He alleges that Appellee Klee arranged to have himself assigned as Appellant's academic advisor and, after doing so, personally revoked, and successfully persuaded other instructors to revoke, certain pre-approved credits that had been granted to Appellant upon admission to the college. According to Appellant, the revocation of those credits, caused him not to graduate as scheduled in May 1990.

As a result, Appellant initiated a lawsuit against Appellees by filing a six count Complaint setting forth claims of defamation and slander, breach of contract, civil conspiracy, assault and battery, sex discrimination and intentional and malicious infliction of mental distress. In response, Appellees filed preliminary objections. The trial court denied Appellees' preliminary objections to Appellant's defamation and slander claims, but granted Appellees' preliminary objections in the nature of a demurrer to the assault and battery, sex discrimination and intentional infliction of mental distress counts. The court also sustained Appellees' preliminary objection to the civil conspiracy claim and granted their preliminary objections in the nature of a motion to strike with respect to the breach of contract count. This appeal followed.

Appellant raises the following issues for our consideration.

1. Did the lower court err by granting Defendant's Preliminary Objections in the nature of a Motion to Strike Plaintiff's complaint, Count 2, for Breach of Contract and tortious interference with contract?

2. Did the lower court err by granting Defendant's Preliminary Objections in the nature of a demurrer to Plaintiff's complaint, Count 6, for Intentional Infliction of Mental Distress?

Appellant's brief at 3.

█ Before discussing Appellant's claims, it is first necessary to address the appealability of those issues.[1] "An order dismissing some, but not all, counts of a multi-count complaint is generally interlocutory and not immediately appealable." *Meinhart v. Heaster*, 424 Pa.Super. 433, 622 A.2d 1380 (1993) *citing Holmes v. Lado*, 412 Pa.Super. 218, 602 A.2d 1389 (1992), *alloc. den.*, 530 Pa. 660, 609 A.2d 168 (1992) and *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). However, "if the dismissed count states a cause of action that is separate and distinct from the remaining counts, the order dismissing that count is final and appealable; if the dismissed count merely states an alternate theory of recovery, the order dismissing it is interlocutory and not appealable." *Meinhart*, 424 Pa.Super. at 436, 622 A.2d at 1381 *citing Motheral v. Burkhart*, 400 Pa.Super. 408, 416, 583 A.2d 1180, 1185 (1990) and *Praisner*, 313 Pa.Super. 332, 459 A.2d 1255 (1983).

█ In the present case, Appellant's claim for breach of contract is clearly separate and distinct from Appellant's remaining claim of defamation. Therefore, the more difficult question to answer is whether Appellant's claim for the inten-

1. The present action was commenced in June 1991. On July 6, 1992, Rule 341 of the Pennsylvania Rules of Appellate Procedure, 42 Pa. C.S.A. defining "final orders" was amended. In particular, subsection (c) of the rule was added to provide for, under certain circumstances, an immediate appeal from an order dismissing "one or more but fewer than all of the claims" set forth in a complaint. This amendment specifically states however, that it is only to be applied to "actions commenced in a court ... after July 6, 1992." Therefore, in order to determine the appealability of Appellant's issues, we must rely on case law.

tional infliction of emotional distress is separate and distinct from the defamation claim. Appellees argue that because Appellant has claimed the same amount of damages for the emotional distress and defamation claims, that they are merely alternate forms of recovery and therefore, the order dismissing the emotional distress claim is interlocutory. We disagree.

The torts in question, are separate and distinct.[2] Furthermore, the nature of the damages suffered by a plaintiff as a result of their commission are not alike. The damages awarded to a plaintiff for defamation are to compensate for loss of reputation and standing in the community, while the damages awarded for intentional infliction of emotional distress are to compensate for the physical and emotional injuries suffered.

In the present case, Appellant has averred these claims separately. While Appellant incorporates the allegations contained in his defamation count in his intentional infliction of emotional distress count, they are not alternate theories of recovery. Appellant is clearly seeking compensation for different injuries. In addition, we note that even though two theories of recovery may have overlapping elements, that alone will not preclude a plaintiff from recovering for both.

After reviewing Appellant's claims for defamation and intentional infliction of emotional distress, we hold that they are distinctly separate claims for separate harms and that the trial court's order dismissing Appellant's claim for intentional infliction of emotional distress is therefore, final and appealable. Accordingly, we will now address Appellant's claims.

2. This court has held that, "[a] communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Livingston v. Murray*, 417 Pa.Super. 202, 612 A.2d 443 (1992), *alloc. den.*, 533 Pa. 601, 617 A.2d 1275 (1992). The tort of intentional infliction of emotional distress however, focuses on an individual's conduct. "To prevail on a claim of intentional infliction of emotional distress, ... the plaintiff must prove that the defendant, by extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe emotional distress." *Motheral*, 400 Pa.Super. at 408, 583 A.2d at 1180.

Appellant first alleges that the trial court erred in granting Appellees' Motion to strike Appellant's breach of contract claim[3]. Pennsylvania Rule of Civil Procedure 1028(a)(2), provides that a party may file preliminary objections to a pleading if it fails to "conform to [a] law or rule of court or" if it includes "scandalous or impertinent matter". *See* Pa.R.C.P. No. 1028(a)(2), 42 Pa.C.S.A. In their Preliminary Objections, Appellees alleged that Appellant's breach of contract claim did not comply with Pa.R.C.P. No. 1019(c), and, therefore, should be stricken from the Complaint. Rule 1019(c) provides as follows:

### Rule 1019. Contents of Pleadings, General and Specific Averments

(c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity.

Pa.R.C.P. No. 1019(c), 42 Pa.C.S.A.

In its Opinion, the trial court did not address Appellees' preliminary objection to Appellant's breach of contract claim as it was raised by Appellees, i.e., as not complying with Rule 1019(c). Instead, the trial court held that Appellee college was entitled to revoke the credits in question because Appellant did not have a vested right in receiving a degree.

We disagree with this analysis. After reviewing the averments contained in Appellant's Complaint, it is clear to this court, that Appellant complied with the requirements of Rule 1019(c). He generally averred that he had "fulfilled the requirements" for his master's degree and that the college failed to award it to him. Furthermore, we reject the trial court's holding that, "Chestnut Hill College is entitled to revoke credits previously granted for work performed out of school." It is apparent to this court that such a holding

3. To the extent that Appellant seeks to argue tortious interference with contract, our review of the record causes us to conclude that no such claim was ever made.

ignores the fact that an institution may make a contractual obligation to a student which it is not free to later ignore.

The economic reality is that colleges and universities are competing to attract non-traditional age students and many of those institutions have designed programs to cater to them. Through advertising and recruitment campaigns, an increasing number of colleges and universities are promising students who wish to return to school, flexible schedules, evening and weekend classes, and academic credit for life experience. Students, in turn, attracted by these options, may seek to apply to a particular institution and inquire as to the requirements they will have to meet in order to achieve their degree. Where an individual is induced to enroll in a university or college based upon an award of certain life experience credits, the institution cannot then, after the student's enrollment, revoke those credits.

We point out that, by reaching this conclusion, we are in no way attempting to interfere with an academic institution's rights to develop its curriculum and set requirements for a given degree. However, where a college or university promises a student, upon enrollment, a certain amount of life experience credits, the purpose of which is to enable that student, to graduate at an accelerated rate, provided that he or she successfully completes the course chosen, the institution cannot breach its promise. Where a student can prove that such an agreement was made, the university or college cannot revoke the life experience credits.

In the present case, Appellant has averred that upon admission to Appellee college, he was awarded certain life experience credits. Therefore, because we find that Appellant complied with Pa.R.C.P. No. 1019(c), 42 Pa.C.S.A. and that the trial court erroneously based its ruling on the premise that Appellant had failed to state a cause of action for breach of contract because Appellee college was entitled to revoke Appellant's life experience credits, we reverse the trial court's order that struck that claim.

Appellant also alleges that the trial court erred in granting Appellee's preliminary objections in the nature of a demurrer to Appellant's claim for intentional infliction of emotional distress.

Our court has consistently held that a preliminary objection in the nature of a demurrer should only be granted in cases that are free from doubt.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom; it tests the legal sufficiency of the challenged complaint and will be sustained only in those cases where the pleader has clearly failed to state a claim for which relief may be granted. If there is any doubt as to whether a claim for relief had been stated, the trial court should resolve it in favor of overruling the demurrer.

*Rutherfoord v. Presbyterian–University Hospital,* 417 Pa.Super. 316, 612 A.2d 500, 502 (1992), *citing Creeger Brick and Bldg. Supply Inc. v. Mid–State Bank and Trust Co., SEDA,* 385 Pa.Super. 30, 560 A.2d 151 (1989) [additional citations omitted in original].

The trial court offered the following rationale for sustaining Appellees' demurrer:

... The class was a learning environment, and in such an atmosphere plaintiff should expect to hear open criticism, exchange of ideas and to expect embarrassment at times. None of the six comments listed in paragraph 22 of the complaint rise to the level of outrageous conduct necessary to maintain a cause of action for intentional infliction of emotional distress.

It is this Court's responsibility to determine if conduct alleged in the cause of action reaches the requisite level of outrageousness to support such a claim. *Andrews v. City of Philadelphia,* 895 F.2d 1469 (3d Cir.1990); *Motheral v. Burkhart* 400 Pa.Super. 408, 583 A.2d 1180 (1990).

To prevail or claim intentional infliction of emotional distress, plaintiff must be able to demonstrate that defendants, by extreme and outrageous conduct, intentionally or reck-

lessly caused plaintiff severe emotional distress. *Andrews, supra; Motheral, supra; Salerno v. Philadelphia Newspapers, Inc.*, 377 Pa.Super. 83, 546 A.2d 1168 (1988); *Jackson v. Sun Oil Co. of Pennsylvania*, 361 Pa.Super. 54, 521 A.2d 469 (1987).

Other conduct listed, third party conversations between Klee and other faculty members, likewise could hardly be considered outrageous or an intentional infliction of anything on anyone.

To "deliberately [give] plaintiff a 'C' grade for the course", to not "negotiate grades" with students, and to make sure plaintiff did not achieve degree status before being fully qualified to practice as a counselor all fall short of the outrageous requirement necessary to sustain such a cause of action. Further, the allegation in the nature of a conclusion that these actions were intentionally done to cause mental distress" is not borne out by the facts in the complaint.

Trial Court Opinion dated March 9, 1993, at 5–6.

■ Intentional infliction of emotional distress is defined in the Restatement (Second) of Torts as follows:

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Restatement (Second) of Torts, § 46(1).

In addition to requiring that a plaintiff establish that the conduct complained of was outrageous, the Pennsylvania Supreme Court has required that the plaintiff present competent medical evidence to support the claim. In *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988 (1987), our supreme court affirmed this court's order sustaining a compulsory nonsuit for a claim of intentional infliction of emotional distress. Initially, the court noted that while it had previously acknowledged Section 46, it had never "had occasion to specifically adopt section 46 as the law in Pennsylvania". *Id.* With that in mind, the court ultimately held that "if section 46 of the Restatement is to be accepted in this Commonwealth, at the

very least, existence of the alleged emotional distress must be supported by competent medical evidence." *Kazatsky,* 515 Pa. at 197, 527 A.2d at 988 (1987). Applying that standard to the facts before it, the supreme court sustained the compulsory nonsuit because the record revealed that neither appellant had sought medical treatment and that they failed to support their claim with competent medical evidence.

In the present case, we agree with the trial court's conclusion that the facts, as set forth by Appellant in his Complaint, are insufficient to support his claim of intentional infliction of emotional distress. Furthermore, from our review of the Complaint, it is apparent that Appellant has failed to allege that Appellees' conduct caused him to seek medical treatment. Therefore, we affirm the trial court's order dismissing Appellant's claim for the intentional infliction of emotional distress.

Order reversed in part, and affirmed in part.

Jurisdiction relinquished.