## Hillgartner v. Port Authority of Allegheny County

C.P. of Allegheny County, no. 05-11354.

*Edward A. Olds* and *Richard S. Matesic,* for plaintiffs.
*Terrance R. Henne,* for defendants.

FRIEDMAN, *J.,* June 27, 2006—

## INTRODUCTION

Plaintiffs appeal the order of this court dated January 26, 2006, sustaining defendants' preliminary objections and dismissing plaintiffs' action, with prejudice. Plaintiffs raise two issues on appeal in their statement of matters complained of on appeal:

(1) whether the court considered matters dehors the record when ruling that the action was untimely; and

(2) whether the court erroneously concluded that a prior pending federal action barred the prosecution of this case in state court.

## DISCUSSION

Defendant had filed its "preliminary objections to complaint raising issues of fact and brief in support of preliminary objections." Plaintiffs' response to those preliminary objections admitted many of defendants'

allegations, denied some, and stated that others were conclusions of law requiring no response.

The admitted facts, per *plaintiffs'* response, are as follows:

(1) Plaintiffs are females currently employed as telecommunications specialists with the Port Authority of Allegheny County Police Department.

(2) Plaintiffs have been in those positions since late 2000. Since 2000, Port Authority has hired 13 new police officers in the police department, and all 13 officers were male.

(3) In December of 2000, three males were hired as police officers by Port Authority.

(4) In January of 2002, six males were hired as police officers by Port Authority.

(5) In May of 2003, two males were hired as police officers by Port Authority.

(6) In August of 2004, two more males were hired as police officers by Port Authority.

(7) On January 14, 2002, plaintiff Hillgartner dual-filed complaints of discrimination with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC), alleging violation of her rights under the Pennsylvania Human Relations Act (PHRA) and various federal statutes as a result of Port Authority's refusal to hire her as a police officer.

(8) Plaintiff Blickenderfer likewise dual-filed complaints with the PHRC and EEOC on March 13, 2002.

(9) Plaintiffs allege that William McArdle, as chief of the Port Authority Police Department, intentionally dis-

criminated against them in selecting males for the police officer positions.

(10) Jason Fincke is Port Authority's chief of staff and McArdle's direct supervisor.

(11) Plaintiffs further allege that Tawnya Moore-McGee, Port Authority's general manager of human resources, and Inex Colon, Port Authority's director of employment, deliberately changed the criteria and qualifications for the police officer position so as to deprive plaintiff Blickenderfer an opportunity to be hired as a police officer.

(12) Plaintiffs claim that defendants' conduct was motivated by their discriminatory animus towards plaintiffs based upon their gender.

(13) Plaintiffs alleged myriad claims against the defendants including violations of PHRA (Count I), Fourteenth Amendment (Counts II, III and IV), First Amendment (Count V) and the Pennsylvania Constitution (Count VI). Plaintiffs' federal claims are brought under section 1983.

(14) Plaintiffs' state claims are brought directly under the PHRA and Pennsylvania Constitution.

(15) On July 3, 2002, plaintiffs filed a complaint in federal court at civil action number 02-1184, captioned *Stangl and Koerner v. Port Authority of Allegheny County and McArdle.*

(16) In their federal lawsuit, plaintiffs claimed that Port Authority and McArdle discriminated against them in hiring and retaliated against them in violation of the Fourteenth and First Amendments, respectively.

(17) Plaintiffs' federal complaint was *not* amended to add PAT's failure to hire plaintiffs in 2003 and 2004. (This is a disputed fact which the court had to decide in order to rule on defendant's preliminary objections raising questions of fact.)

(18) On February 14, 2005, Judge Cercone granted summary judgment in favor of Port Authority on plaintiffs' First Amendment retaliation claim.

(19) Plaintiffs admit filing a motion for leave and amended complaint to add claims under the PHRA and under Title VII.

(20) Plaintiffs expressly asserted that their "proposed [Title VII and PHRA] claims premised on the defendant's failure to hire plaintiffs on the basis of gender are identical and entirely congruent with plaintiffs' existing equal protection claims."

(21) Judge Cercone denied plaintiffs' motion. (The reasons are disputed; this court had to read Judge Cercone's memorandum opinion to resolve that dispute.)

(22) Unsatisfied with Judge Cercone's rulings in the federal action—and less than a week after Port Authority's assertion there of immunity under the Eleventh Amendment, the appeal of which is pending—plaintiffs filed a writ of summons in this court on May 13, 2005.

Paragraphs 23-31 are described by defendants as "argument." Although pointing out that no response was required, plaintiffs added one fact in their responses to paragraphs 28-31:

"Plaintiffs' PHRC charge was filed within 180 days of the 2002 transaction." (The court believes this refers

to the hiring of six males as PAT police officers in January 2002.)

In their brief, plaintiffs argue that "Because the defendants are committed to depriving the plaintiffs of a decision on the merits in federal court, the plaintiffs *had no choice but to attempt to preserve their claims in the courts of this Commonwealth.*" (emphasis added) Plaintiffs' brief in opposition to defendants' preliminary objections, p. 2.

This statement exemplifies the plaintiffs' misunderstanding of the doctrine of lis pendens and the related doctrines of res judicata and collateral estoppel. Plaintiffs chose to proceed in federal court. As they began to lose critical motions there, they then sought to proceed *simultaneously* in state court, here in the Allegheny County Court of Common Pleas. This is a clear violation of the doctrine of lis pendens. Plaintiffs justify this by, in effect, contending that the adversary system left them "no choice but to maintain their action in this court." Plaintiffs say that they must be allowed to proceed in both courts "[u]nless and until the defendants reconsider their refusal to allow the plaintiffs to litigate their claims in at least one court of competent jurisdiction." *Id.,* p. 2. The mere fact that Judge Cercone ruled against plaintiffs' attempts to add the January 2, 2002 hirings to their federal action does not mean that *this* court can properly re-visit Judge Cercone's ruling and permit them to be litigated here.

Judge Cercone specifically stated as follows:

"While Rule 15(a) also requires that leave to amend should be 'freely given,' a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith

or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

"In this instance, the court finds that plaintiffs' requested amendment is both unduly late and futile with regard to the Title VII claim, and unduly late with regard to the PHRA claim. Stangl and Koerner admit that they filed charges of gender discrimination with the Pennsylvania Human Relations Commission (PHRC) and the EEOC on January 14, 2002, and March 13, 2002, respectively. The EEOC issued right-to-sue letters to both plaintiffs on September 23, 2003. At that point, plaintiffs certainly could have requested leave to amend their complaint to add these claims. Instead, they waited nearly 17 months to seek amendment. While leave may not be denied solely on the ground of delay, 'at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.' Thus, while the rule is to be granted liberally, the issue of undue delay mandates that the court examine the movant's reasons for that delay. Plaintiffs, however, have given no explanation for the delay.

"Plaintiffs' proposed amendments are also futile with regard to Title VII, because the statute of limitations for the filing of a Title VII claim has expired. Before bringing an employment discrimination action under Title VII, an individual must file a charge with the EEOC within 180 days of the unlawful discriminatory act. If the EEOC dismisses the charge, the individual has 90 days from the EEOC right-to-sue letter to file an action. Both requirements—exhaustion and filing—are non-jurisdictional prerequisites, akin to statutes of limitations and are sub-

ject to waiver, estoppel and equitable tolling principles. Moreover, the Third Circuit has strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed. The 90-day period for bringing a Title VII action expired on December 22, 2003. The court finds no legitimate reason for equitable tolling in this instance."

It is well-settled that lis pendens applies if "in each case, the same parties were involved, the same rights were asserted, and the same relief was sought." *Meinhart v. Heaster,* 424 Pa. Super. 433, 438, 622 A.2d 1380, 1382 (1993). (citations omitted) The doctrine of lis pendens (formerly referred to as the "defense" of lis pendens) generally has the purpose of "protect[ing] a defendant from harassment by having to defend several suits on the same cause of action at the same time." *Penox Technologies Inc. v. Foster Medical Corporation,* 376 Pa. Super. 450, 453, 546 A.2d 114, 115 (1988). Lis pendens also enables a court to dismiss or stay duplicative proceedings that unduly burden the court's docket, even if a party has not expressly sought such action. In the instant case, the federal court has ruled against plaintiffs on the timeliness issue. There is no amendment that can cure that defect, so dismissal with prejudice was appropriate despite the general policy to freely permit amendment.

## CONCLUSION

Plaintiffs chose their forum, federal court, and did not timely file charges there clearly related to that action. They are barred from prosecuting the instant "attempt to preserve their claims" in this court.