J-A23008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN W. PRINGLE, LISA A. PRINGLE, KEITH P. HOUTZ, AND TOBY HOUTZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 108 MDA 2024 |
| ESTHER D. STROUSE, EDGAR P. MUNRO, JR., GARY L. MUNRO, LORI A. CAMPBELL, BRENDA K. CORTER, AND AMERICAN TOWER CORPORATION | : | |

Appeal from the Order Entered December 7, 2023
In the Court of Common Pleas of Clinton County Civil Division at No(s):
2023-00190

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:           **FILED: FEBRUARY 12, 2025**

John W. Pringle, Lisa A. Pringle, Keith P. Houtz, and Toby Houtz (collectively, "Plaintiffs") appeal from the order sustaining the preliminary objections filed by Esther D. Strouse, Edgar P. Munro, Jr., Gary L. Munro, Lori A. Campbell, and Brenda K. Corter (collectively, "Defendants") and by American Tower Corporation ("ATC"), thereby dismissing Plaintiffs' second amended complaint with prejudice.  We reverse.

By way of background, this matter was initiated by the filing of a quiet title action against Defendants and the estate of Edgar P. Munro, Sr. (the

"Estate").[1]  The complaint asserted that Defendants and the Estate were using a locked gate to interfere with Plaintiffs' enjoyment of a right of way across Defendants' properties.  The complaint further averred that this property right was granted to Plaintiffs' predecessors via an order of court entered in a separate action at docket number 13-A January Term 1977, which was filed pursuant to the Private Road Act ("1977 Action").

Defendants and the Estate filed preliminary objections, arguing that the complaint was legally insufficient because it failed to assert that damages were paid by Plaintiffs' predecessors in the 1977 Action.[2]  They also contended that the Estate must be removed from the case because it had no legal interest in any of the implicated properties and that the complaint failed to name ATC as an indispensable party.  After argument and briefing, the trial court sustained the preliminary objections by an order and opinion entered on June 29, 2023, granting leave for the filing of an amended complaint within thirty days.

Plaintiffs timely filed an amended complaint that removed the Estate as a defendant yet failed to name ATC as a party.  Defendants submitted preliminary objections, but before they were decided, Plaintiffs filed a second amended complaint on July 25, 2023, which still fell within the thirty-day

---

[1] In the initial complaint, the plaintiffs were listed as Lenore Pringle, Keith Houtz, and Toby Houtz.  However, Plaintiffs filed a substitution of party plaintiff to remove Lenore Pringle and add John W. Pringle and Lisa A. Pringle.

[2] As will be discussed in more detail in the body of the memorandum, the Private Road Act requires a party to pay damages to the owner of property subject to a private road before it can be opened.

period set by the trial court. The second amended complaint was nearly identical to the amended complaint, except that it named ATC and included allegations pertinent to that entity. Notably, concerning the payment of damages in the 1977 Action, Plaintiffs alleged "that any damages due had been paid, and hence not brought to the court's attention, or else the issue of claim for an award of damages has been waived." Second Amended Complaint, 7/25/23, at ¶ 18 (some capitalization altered). Plaintiffs also averred that any allegation from Defendants or ATC that damages were not paid in the 1977 Action were precluded on the basis of laches, as it could have been raised decades ago. *Id*. at ¶ 22.

The court scheduled argument and, with Plaintiffs' consent, ordered briefs to address Defendants' preliminary objections without requiring them to refile the objections in response to the second amended complaint. In the interim, ATC separately filed preliminary objections to the second amended complaint. Pertinent here, both Defendants and ATC sought a demurrer, arguing that Plaintiffs failed to plead facts establishing that the requisite damages were paid by them or their predecessors in the 1977 Action. *See* Defendants' Preliminary Objections, 7/24/23, at ¶ 22; ATC's Preliminary Objections, 9/15/23, at ¶¶ 13-16. After the consideration of argument and supplemental briefs, the trial court sustained the preliminary objections and dismissed the second amended complaint with prejudice. In so doing, the court concluded that Plaintiffs failed "to allege sufficient facts to show payment of damages[.]" Opinion and Order, 12/7/23, at 11.

This timely appeal followed. Plaintiffs and the trial court complied with Pa.R.A.P. 1925. The court's Rule 1925(a) opinion incorporated by reference its December 2023 opinion and order.

Plaintiffs present two issues, which we have reordered for ease of disposition:

I.      Was it legal error to grant demurrer, with prejudice, to [Defendants and ATC], with no hearing on laches or on any other issue, on finding that there was an enforceable award of damages in 1990 and/or 1992 and [Plaintiffs] are unable now in 2023 to prove that such damages had in fact been paid?

II.     Would it be legal error for the court to grant demurrer by [Defendants'] servient estate to a complaint to enforce the previously granted private road right, with demurrer based on allegation of insufficient evidence that the road was "opened" within five years of grant, where the private road right granted was expressly granted over an existing and used road?

Plaintiffs' brief at 4 (some capitalization altered).

We begin with the applicable principles of law:

Our standard of review of an order of the trial court . . . sustaining preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If

- 4 -

any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Godlove v. Humes***, 303 A.3d 477, 480-81 (Pa.Super. 2023) (cleaned up).

The complaint in question set forth a quiet title action. This Court has stated that "[t]he purpose of a quiet title action is to settle competing claims to interests in property or to determine right or title or the validity of any deed affecting any interest in land." ***Stoley v. Wampler***, 317 A.3d 1007, 1015 (Pa.Super. 2024) (citation omitted). Further, "[t]he litigation of an action to quiet title is an action at law governed by the Rules of Civil Procedure." ***Id***. at 1016. We also note that "[t]he plaintiff bringing a quiet title action has the burden of proof and must recover on the strength of its own title." ***Landis v. Wilt***, 222 A.3d 28, 34 (Pa.Super. 2019) (cleaned up).

The demurrer argument raised by Defendants and ATC arises from the Private Road Act. Related thereto, our High Court has recounted:

> Under the law commonly known as the Private Road Act, the owner of a landlocked property is permitted to petition the court of common pleas for the appointment of a board of viewers to evaluate the necessity of a private road to connect such property with the nearest public thoroughfare or private way leading to a public thoroughfare. Upon a finding of necessity, the board will lay out a private road to cause the least damage to private property. The act requires the owner of the landlocked property to pay damages to persons over whose property the new road is built; the owner is then afforded exclusive use of the road.

***In re Opening Private Road for Benefit of O'Reilly***, 5 A.3d 246, 248 (Pa. 2010) (cleaned up). Specifically, the relevant provision of the act cited in the preliminary objections states as follows:

> The damages sustained by the owners of the land through which any private road may pass shall be estimated in the manner provided in the case of a public road, and shall be paid by the persons . . . at whose request the road was granted or laid out: **Provided, That no such road shall be opened before the damages shall be fully paid**.

36 P.S. § 2736 (emphasis added).

On appeal, Plaintiffs present numerous sub-arguments to support their claim that the court erred in granting a demurrer. We focus on the ones we find dispositive. First, Plaintiffs contend that the defense raised by Defendants and ATC as to being unable to prove payment of damages in the 1977 Action was an affirmative defense, not a basis for a demurrer. *See* Plaintiffs' brief at 28 (arguing that the "allegations of [the road being] 'not opened' and damages ordered but not paid should be raised as an affirmative defense in new matter" (some capitalization altered)). Upon review, we agree.

The applicable procedural rule provides, with exceptions not relevant here:

> [A]ll affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, *res judicata*, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

Pa.R.Civ.P. 1030.

By contending that Plaintiffs did not plead facts establishing the payment of damages in the 1977 Action, Defendants and ATC effectively

raised an affirmative defense akin to the statute of limitations. Phrased another way, they argued that the quiet title action must fail because it depended on the existence of property rights conveyed in the 1977 Action, which in turn required evidence of payment of damages to Defendants or their predecessors. Notably, none of the trial court, Defendants, or ATC proffer any analysis to the contrary.

The issue is that this claim does not test the legal sufficiency of the complaint itself, as required in order to sustain a demurrer. **See Godlove**, 303 A.3d at 481. Instead, the contention from Defendants and ATC concerning the payment of damages requires evidence not of record based on the initial pleadings. **See** Pa.R.Civ.P. 1028(b)(2), note (stating that the question of whether a pleading is legally sufficient "may be determined from facts of record so that further evidence is not required"). This purported defense should have been raised in a new matter to the second amended complaint, not as a preliminary objection. **See Driscoll v. Arena**, 213 A.3d 253, 257 n.5 (Pa.Super. 2019) ("Ordinarily, an affirmative defense such as the statute of limitations should not be raised as a preliminary objection, such as a demurrer."). Accordingly, this was not a proper basis for sustaining preliminary objections or otherwise dismissing the complaint.

Moreover, even if this claim was not required to be raised in new matter as an affirmative defense, and Plaintiffs were required to plead that damages from the 1977 Action were paid, we would nonetheless find that the second amended complaint was legally sufficient as filed. As noted above, it stated

the following with regard to payment: "Plaintiff asserts [*sic*] that any damages due had been paid, and hence not brought to the court's attention, or else the issue of claim for an award of damages has been waived." Second Amended Complaint, 7/25/23, at ¶ 18 (some capitalization altered). Plaintiffs contend that the trial court erroneously placed an undue burden on them to offer proof of the loss of their property rights. *See* Plaintiffs' brief at 22-24.

The trial court and ATC take the position that this averment was insufficient because it was not pled with particularity. *See* Opinion and Order, 12/7/23, at 7-8; ATC's brief at 7. The court in its opinion emphasized that the complaint did not "allege concrete facts which would show that damages were paid" and that Plaintiffs conceded during argument that "evidence of payment is too remote now to be found." Opinion and Order, 12/7/23, at 8 (cleaned up).

Rule 1019 governs general and specific averments in pleadings, and states in relevant part:

> (a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.
>
>     . . . .
>
> (c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity.
>
>     . . . .

(f) Averments of time, place and items of special damage shall be specifically stated.

Pa.R.Civ.P. 1019.

The court and ATC equate the requirement that damages must have been paid in the 1977 Action to a "special damage" requiring specific pleading in accordance with Rule 1019(f). We are not persuaded. Plaintiffs do not request any special damages, or any monetary damages at all, as part of their quiet title action. They seek instead only a determination as to their rights with respect to the implicated properties. Rather, we find that the question of whether payment was previously made is a **condition precedent** to establishing the easement asserted in the complaint, and therefore was only required to be pled generally pursuant to Rule 1019(c). It is comparable to a plaintiff filing a count for breach of contract and asserting generally that the plaintiff performed his part of the agreement, which is permissible under our rules. *See*, *e.g.*, *Britt v. Chestnut Hill College*, 632 A.2d 557, 560 (Pa.Super. 1993) (finding that the plaintiff's complaint for breach of contract was sufficient when he "generally averred that he had 'fulfilled the requirements' for his master's degree and that the college failed to award it to him"). There is no dispute that the second amended complaint generally stated that any damages owed from the 1977 Action were paid, and thus that the right of way in question was legally effective. Therefore, the court erred in dismissing the complaint for this reason.

We note that in its opinion, the trial court additionally addressed the sufficiency of this particular averment by noting that in a prior pleading and

at oral argument, counsel for Plaintiffs conceded uncertainty as to whether payment for damages in the 1977 Action was actually made. *See* Opinion and Order, 12/7/23, at 7. The court therefore concluded also that "[a]s a result of the foregoing, the [c]ourt is not clear on whether Plaintiffs believe or assert that damages were ever paid." *Id*. at 8.

Nonetheless, this does not provide grounds for a demurrer. The proper standard when reviewing preliminary objections seeking a demurrer is not to weigh conflicting assertions against a party, but to accept as true all factual averments in the complaint. *See Godlove*, 303 A.3d at 481. By its own assertion, the court here dismissed the complaint under circumstances where it is not "clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Id*. Furthermore, it is of no consequence that Plaintiffs may have stated or pled something inconsistent in a prior pleading. Pa.R.Civ.P. 1033 provides as follows:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. **The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted**.

Pa.R.Civ.P. 1033(a) (emphasis added). The trial court gave Plaintiffs leave to amend the complaint, which they did. Thus, it was error not to regard as true

- 10 -

the allegations in the second amended complaint, notwithstanding Plaintiffs' prior statements.

For the above reasons, we reverse the order sustaining the preliminary objections filed by Defendants and ATC and dismissing Plaintiffs' complaint with prejudice.[3]

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/12/2025

---

[3] In their second issue on appeal, Plaintiffs alternatively allege that the trial court erred to the extent it determined that the complaint was legally insufficient because it did not plead specific facts demonstrating that the private road in question was opened within five years of being ordered, as required by the Private Road Act. *See* Plaintiffs' brief at 13-14. Since we provide relief to Plaintiffs for other reasons, and because Plaintiffs acknowledge that the trial court did not base its underlying decision upon this contention, we do not address it.

- 11 -